[No. 57021-3. En Banc. January 31, 1991.]

LOUIE[†] ROZNER, *Respondent*, v. THE CITY OF BELLEVUE, *Petitioner*.

---

[†]In all pleadings and briefs filed by respondent Rozner, his first name is spelled as "Louie", whereas the Court of Appeals in its opinion spelled Rozner's first name as "Louis". The spelling "Louie" is used in this opinion.

*Richard L. Andrews, City Attorney,* and *David E. Kahn* and *Lori Molander, Assistants,* for petitioner.

*Michael H. Rosen* and *Nancy L. Talner,* for respondent.

*Kenneth O. Eikenberry, Attorney General, John R. Ellis, Deputy,* and *David M. Horn, Assistant; John W. Ladenburg, Prosecuting Attorney for Pierce County,* and *Jack F. Nevin, Special Deputy; William J. Barker, Tacoma City Attorney,* and *Cheryl F. Carlson, Assistant,* on behalf of Washington Association of Municipal Attorneys; *J.A. Zimmerman* on behalf of Washington Association of Sheriffs and Police Chiefs, amici curiae for petitioner.

*Richard J. Troberman, P.S.,* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for respondent.

DOLLIVER, J.—The sole issue facing the court is whether a law enforcement agency which has seized personal property based on probable cause has the burden of proof at the forfeiture hearing to show the property to be forfeited was used to facilitate the sale of a controlled substance. The Court of Appeals "[a]s a matter of statutory construction [held] former RCW 69.50.505 (under which this case was decided) . . . placed the burden on the governmental agency to establish by a preponderance of the evidence that the property sought to be forfeited was used, or intended to be used, to facilitate a drug sale." *Rozner v. Bellevue,* 56 Wn. App. 525, 531, 784 P.2d 537 (1990). We reverse.

The essential facts are as follows: On October 3, 1986, Bellevue Police Detective Bronson obtained a search warrant for a 1984 Ford van suspected of being used to facilitate a drug transaction. The van was seized, and the City of Bellevue sought forfeiture of the van pursuant to RCW 69.50.505(a)(4). Plaintiff Louie Rozner filed a claim of ownership and resisted forfeiture. At a hearing on the matter, the City of Bellevue presented Detective Bronson's affidavit of probable cause and evidence that a mirror with a small amount of cocaine on it was found in the van when the

vehicle was impounded. Plaintiff neither appeared personally at the hearing nor did he offer any evidence.

Forfeiture of the van was ordered by the hearing examiner. The forfeiture was upheld by the Superior Court. The Court of Appeals reversed holding the City had not proved, by a preponderance of the evidence, that the van was subject to forfeiture. Dissenting, Chief Judge Coleman argued the burden of proof lay with plaintiff Rozner, not the City. We granted review.

Under Washington's forfeiture statute, "[a]ll conveyances", including vehicles "used, or intended for use, in any manner to facilitate the sale" of controlled substances are subject to seizure and forfeiture. RCW 69.50.505(a)(4). At the time of this case, RCW 69.50.505(e) gave any person claiming a right to possession of the seized vehicle the right to a hearing, at which "the burden of producing evidence shall be upon [that] person . . .". Former RCW 69.50-.505(e).

In 1988, however, the Legislature amended RCW 69.50-.505 both to make real property subject to forfeiture and to place the "burden of producing evidence" in such cases on the State. Laws of 1988, ch. 282, § 2(e), pp. 1299, 1302. The Governor vetoed this amendment, explaining that the law enforcement community had rejected the bill, in part, because the amendment shifted the burden of proof to law enforcement. Laws of 1988, at 1304. The Governor urged the Legislature to work with the law enforcement community and "pass a law which allows law enforcement to continue under existing law for the 'personal property' forfeitures while adding new separate provisions for 'real property' forfeitures." Laws of 1988, at 1304. The 1989 Legislature amended RCW 69.50.505(e) so as to read:

> In cases involving personal property, the burden of producing evidence shall be upon the person claiming to be the lawful owner or the person claiming to have the lawful right to possession of [the items seized]. In cases involving real property, the burden of producing evidence shall be upon the law enforcement agency. The burden of proof that the seized real

property is subject to forfeiture shall be upon the law enforcement agency.

Laws of 1989, ch. 271, § 212, pp. 1299, 1302.

The issue of whether the law enforcement agency, having shown probable cause for seizure, must then also show by a preponderance of the evidence that the personal property was used to facilitate a drug sale has yet to be considered squarely by an appellate court. In *Irwin v. Mount,* 47 Wn. App. 749, 753, 737 P.2d 277, *review denied,* 108 Wn.2d 1031 (1987), the Court of Appeals held RCW 69.50.505(e) placed an "initial burden . . . upon the claimant to show a lawful interest in the subject property", but did not decide whether a claimant whose standing to challenge the forfeiture is thus established must prove the property is not subject to forfeiture. In *State v. Michel,* 55 Wn. App. 841, 781 P.2d 496 (1989), the Court of Appeals touched upon this question by stating:

> The statute here, in three different sections [former RCW 69.50.505(a)(4)(ii) and (e); RCW 69.50.506(a)], unambiguously provides that the claimant has the burden of proving lack of knowledge, the lawful right to possession, or any exemption or exception to the State's prima facie case for forfeiture.

*Michel,* 55 Wn. App. at 844. *Michel,* however, dealt only with the claimant's burden to establish lack of knowledge, exceptions, and exemptions where the claimant does not dispute whether the seizing agency met its initial burden. The court expressly relied on a Maryland opinion which held,

> [O]nce the illicit use of the vehicle is shown, the vehicle is presumptively subject to forfeiture and the burden of proof is upon the owner to demonstrate entitlement to an exemption from that presumptive forfeiture.

*Michel,* 55 Wn. App. at 844 (quoting *State v. One 1985 Ford,* 72 Md. App. 144, 147, 527 A.2d 1311, 1312 (1987)). While the *Michel* court did not specifically address the standard of proof needed for forfeiture or which party carries the burden, it appears that by inference it adopted the probable cause standard. *But see In re One 1980 Porsche,* 54 Wn. App. 498, 502, 774 P.2d 528 (1989). Was it the

intent of the Legislature that, following the establishing of probable cause for seizure of the property, the burden of proof on the issue of forfeiture would shift to the claimant? We hold this was the intent.

■ The fundamental objective of statutory construction is to ascertain and carry out the intent of the Legislature. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985). Where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself. *Bellevue Fire Fighters,* 100 Wn.2d at 750.

■ Where the legislative intent does not clearly appear on the face of the statutory language, as is the case here, in order to determine intent the court may resort to various tools of statutory construction which may include consideration of the legislative history and administrative interpretation of the statute. However, the interpretation adopted should always be one which best advances the legislative purpose. *Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 458–59, 645 P.2d 1076 (1982). The City and its amicus advance several arguments in support of legislative intent for a probable cause evidentiary standard. Although all have some merit, we believe the strongest case for a probable cause standard and the argument which persuaded Chief Judge Coleman in his dissent (*Rozner,* 56 Wn. App. at 538 (Coleman, C.J., dissenting)) focuses on the proposed amendments to the Uniform Controlled Substances Act (RCW 69.50) in 1988 and 1989 and Governor Gardner's veto of the 1988 amendment.

■ Plaintiff asserts subsequent legislative views are irrelevant to establish original legislative intent. However, the Supreme Court has held,

while the views of subsequent Congresses cannot override the unmistakable intent of the enacting one, such views are entitled to significant weight, and particularly so when the precise intent of the enacting Congress is obscure.

(Citations omitted.) *Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 596, 63 L. Ed. 2d 36, 100 S. Ct. 800 (1980). Chief Judge Coleman cogently spells out the legislative intent in his dissent. We agree with his conclusion and can do no better than to quote his words:

> In 1988, both houses of the Legislature passed ESSB 6316, which would have amended RCW 69.50.505. At that time, RCW 69.50.505 did not address seizure and forfeiture of real property—rather it concerned only personal property. The primary objective of the amending legislation was to provide law enforcement with the additional necessary tools to seize real property acquired and used in furtherance of the illegal drug trade. In addition, the bill also sought to shift the burden of producing evidence in a hearing to reclaim seized property from the claimant to the law enforcement agency that seized the property.
>
> The Governor vetoed all material sections of the bill. In his veto message, the Governor advised the Senate that among other changes, the wholesale shift in the "burden of proof", for both the existing personal property provisions and the new real property provisions, would retard law enforcement's efforts to seize property related to illegal drug transactions. The Governor added:
>
>> I would encourage the Legislature and the law enforcement community to work together in the next session to again review this issue and attempt to pass a law which allows law enforcement to continue under existing law for the "personal property" forfeitures while adding new separate provisions for "real property" forfeitures.
>
> Senate Journal, 50th Legislature (1988), at 1682.
>
> This is, at least in result, precisely what the 1989 Legislature did. The amended statute retained the existing language which placed the burden of producing evidence upon the claimant and prefaced it by stating that that burden will apply in cases involving personal property. The Legislature then added new language which created a separate standard for real property specifically placing the burden of proof upon the law enforcement agency. The statute in pertinent part provides:
>
>> In cases involving personal property, the burden of producing evidence shall be upon the person claiming to be the lawful owner or the person claiming to have the lawful right to possession of the property. In cases involving real property, *the burden of producing evidence shall be upon the law enforcement agency. The burden of proof that the seized real property is subject to forfeiture shall be upon the law enforcement agency.*
>
> (Italics mine.) Laws of 1989, ch. 271, § 212, p. 1302.

It is clear from the Governor's veto message that he understood the existing statute placed the burden of proof upon the claimant and that he strongly disapproved of any change in the status quo. It is equally apparent from the text of the 1989 revised bill that the Legislature acted upon the Governor's recommendation. The amended statute reflects the Legislature's intent to distinguish between the burden allocated in personal and real property cases. If the Legislature intended to place the burden of proof upon law enforcement in personal property cases, the 1989 amendment offered it its chance to do so. In fact it sought such a change in 1988 and the bill was vetoed. By specifically adding language that placed the burden of proof upon law enforcement in real property cases only, logic dictates that the Legislature intended the burden of proof to remain with the claimant in personal property cases. Had it intended otherwise, it would have used the same burden of proof language in that portion of the statute dealing with personal property. Having specified that the burden of proof is upon the law enforcement agency in real property cases, its very silence on the issue of the burden of proof in personal property cases carries the necessary implication that it believed and intended that the burden of proof be on the claimant. Its silence is understandable because it would have no reason to believe that any further statement was necessary.

The majority would have us believe that the absence of express language allocating the burden of proof in hearings on forfeited personal property manifests a legislative omission. It theorizes the Legislature simply forgot to address the issue; however, this position is untenable in light of the proposed changes in ESSB 6316, the Governor's veto message, and the Legislature's subsequent action. The legislative history is unambiguous. The Legislature tried to change the law and, when the Governor did not approve, it adopted his position. This recent legislative history explains why the Legislature added the burden of proof provision of real property but was silent with respect to personal property.

The changes inserted in the present statute necessarily raise the inference that the standard required by the former RCW 69.50.505 placed the burden upon the claimant to disprove illegal use in personal property cases. A careful review of the legislative history makes this inference a verity. Adopting the standard as suggested by the majority will not only fail to bring

clarity to the conduct of drug forfeiture proceedings, but will contradict the Legislature's obvious intent.

*Rozner,* 56 Wn. App. at 538–40 (Coleman, C.J., dissenting).

Further evidence of legislative intent is contained in the Final Legislative Report on 2SHB 1793. In summarizing the existing law, the report reads as follows:

> In a forfeiture hearing, the burden of proof is on the owner of the [personal] property to show by a preponderance of the evidence that the property either was not used in illegal drug activity or was used without the consent or knowledge of the owner.

Final Legislative Report, 2SHB 1793, 51st Legislature (1989), at 119.

 Thus, although we concede the divination of legislative intent is on occasion somewhat akin to the difficulties attendant in the elucidation of the Eleusinian mysteries, we believe the legislative intent here, relative to personal property used or intended to be used in illegal drug activities, is: (1) The personal property may be seized by a showing of probable cause that it had been used or was intended to be used in illegal drug activities. (2) At the subsequent forfeiture hearing the claimant then must prove by a preponderance of the evidence that the property was not used in an illegal drug activity or was used without the consent or knowledge of the owner.

Plaintiff failed to put forward any evidence regarding the use or lack of use of the property for illegal drug activities and thus, under the statute, the vehicle was properly forfeited.

 Plaintiff further argues, however, that even if the Legislature did intend to adopt a probable cause standard of proof for the seizing agency's forfeiture claim, that standard is unconstitutional. At the outset, we note the burden is on the claimant to establish why the probable cause standard is unconstitutional. *State v. Brayman,* 110 Wn.2d 183, 193, 751 P.2d 294 (1988). Federal case law firmly establishes that the probable cause standard does not violate the federal due process clause. *United States v. One*

*1970 Pontiac GTO,* 529 F.2d 65, 66 (9th Cir. 1976); *United States v. $250,000 in U.S. Currency,* 808 F.2d 895, 900 (1st Cir. 1987).

■■ The federal analysis of the issue is well reasoned. Forfeiture proceedings are quasi–criminal in nature only with respect to the need to protect certain Fourth and Fifth Amendment rights. With respect to the property itself, forfeiture is strictly a civil proceeding in rem, and the State may vary the standard of proof without denying due process. *United States v. $250,000 in U.S. Currency, supra.* Although the Supreme Court has never squarely addressed the issue, it has repeatedly implied Congress may allocate the burden of proof in civil forfeiture actions in any manner it sees fit. D. Smith, *Prosecution and Defense of Forfeiture Cases* ¶ 11.03, at 11–10 n.1 (1990). Therefore, plaintiff may challenge the probable cause standard only on the basis of the state constitution.

This court traditionally has practiced great restraint in expanding state due process beyond federal perimeters. *State v. Gunwall,* 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986). Although not controlling, federal decisions regarding due process are afforded great weight due to the similarity of the language. *Petstel, Inc. v. County of King,* 77 Wn.2d 144, 153, 459 P.2d 937 (1969); *Bowman v. Waldt,* 9 Wn. App. 562, 570, 513 P.2d 559 (1973).

Plaintiff relies on the asserted uniformity of decisions in other states interpreting the Uniform Controlled Substances Act to require a preponderance of the evidence. *See* D. Smith, at 11–12. However, the courts of this state have recognized the interpretations of the act vary greatly among the states and typically turn on special state statutes or constitutional provisions. *Kahler v. Kernes,* 42 Wn. App. 303, 305 n.2, 711 P.2d 1043 (1985). In particular, plaintiff's reliance on *State v. Spooner,* 520 So. 2d 336 (La. 1988) is misplaced. The Court of Appeals refused to consider that case because "[t]he Louisiana statute bears no similarity to Washington's version of the Uniform Controlled Substances

Act". *State v. Michel,* 55 Wn. App. 841, 844, 781 P.2d 496 (1989).

Finally, plaintiff fails to provide any specific discussion of the six *Gunwall* factors relied on by this court to determine whether the state constitution should be construed to grant broader rights than the federal constitution. In the past, the failure to present such a briefing has led this court to decline consideration of the issue. *Bedford v. Sugarman,* 112 Wn.2d 500, 507–08, 772 P.2d 486 (1989). Even if the factors are considered, however, extension of state protection is not merited here. The language of the federal and state due process clauses is exactly the same. State constitutional and common law history fails to demonstrate a preferred standard of proof for forfeiture proceedings. Finally, matters of particular state or local concern do not predominate since the express purpose of the act is to promote state uniformity with federal law. *Kahler,* 42 Wn. App. at 307. The plaintiff fails to meet his burden to establish that the probable cause standard is unconstitutional.

The Court of Appeals is reversed.

BRACHTENBACH, ANDERSEN, DURHAM, SMITH, and GUY, JJ., and CALLOW, J. Pro Tem., concur.