10 P.3d 1079 (2000)
102 Wash.App. 848
Eddie L. ROBERTSON, Appellant,
v.
STATE of Washington LIQUOR CONTROL BOARD, as Agent of Department of Revenue, Respondent.
No. 18604-1-III.
Court of Appeals of Washington, Division 3, Panel Five.
October 12, 2000.
*1081 Robert W. Bjur, Zillah, for Appellant.
Jerry A. Ackerman, Asst. Atty. Gen., Olympia, for Respondent.
*1080 BROWN, J.
Eddie Robertson is an interstate trucker. After a jury trial, his truck was forfeited under state law because the jury decided it had been used to transport contraband cigarettes into Washington. On appeal, Mr. Robertson argues (1) federal preemption, and (2) improper allocation of the burden of proof to him on his exemption claim. We reject both arguments and affirm.

FACTS
Eddie Robertson owns a trucking company based in Tulsa, Oklahoma, engaging in interstate commerce under a federal license. From March 1998 until November 21, 1998, Mr. Robertson personally hauled 17 loads of unstamped, untaxed cigarettes from Arizona to Washington apparently on behalf of the Yakama Indian Nation (Tribe). No one notified the Washington State Liquor Control Board (Board) pursuant to RCW 82.24.250 that Mr. Robertson was bringing unstamped and untaxed cigarettes into Washington. On November 21, Mr. Robertson's truck was lawfully seized, stopped and searched inside Washington. Mr. Robertson's trailer contained 28,900 cartons of untaxed, unstamped cigarettes. The Board seized the cigarettes and Mr. Robertson's truck pursuant to RCW 82.24.130.
Mr. Robertson unsuccessfully petitioned the Benton County Superior Court for return of his truck, alleging the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c) (FAAA Act), preempted Washington's cigarette forfeiture law. At a later jury trial before a different judge, Mr. Robertson objected to the court allocating the burden of proof to him in the following instruction:
The Court has found that the Liquor Control Board has established probable cause to seize the truck, so the law presumes that the Liquor Control Board is lawfully in possession of the truck because at the time of the seizure it was being used to transport unstamped cigarettes in violation of Washington law.
The claimant seeks an order of the court awarding the truck to him. In order to recover on his claim, claimant must prove by a preponderance of the evidence:
1) That he was not a consenting party; and
*1082 2) That he was not privy to transporting unstamped cigarettes in the State of Washington.
If you find from the evidence that he was a consenting party or that he was privy to transporting unstamped cigarettes in the State of Washington, your verdict should be for the Liquor Control Board.
If you find that the claimant has proven by a preponderance of the evidence that he was not a consenting party and that he was not privy to transporting unstamped cigarettes in the State of Washington, your verdict should be for the claimant.
The jury found for the Board. Mr. Robertson filed this appeal.

ANALYSIS

A. Preemption
The issue is whether the trial court erred by deciding 49 U.S.C. § 14501(c)(1) did not preempt Washington's cigarette excise tax and seizure laws, RCW 8.24.130 and RCW 8.24.250. Preemption is reviewed de novo. Hoddevik v. Arctic Alaska Fisheries, Corp., 94 Wash.App. 268, 278, 970 P.2d 828, 975 P.2d 563, review denied, 138 Wash.2d 1016, 989 P.2d 1140 (1999), cert. denied, ___ U.S. ___, 120 S.Ct. 1161, 145 L.Ed.2d 1072 (2000).
We begin by assuming state laws regarding matters historically within a state's police powers are not preempted by federal statute, absent the clear and manifest intent of Congress. Hue v. Farmboy Spray Co., 127 Wash.2d 67, 78, 896 P.2d 682 (1995). The United States Supreme Court has long recognized Washington's right to seize unapproved unstamped cigarettes in transit to Indian reservations. See Washington v. Confederated Tribes of Colville Indian Reservation, 447 U.S. 134, 161-62, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980). The seized cigarettes are contraband per RCW 82.24.250. Thus, our first inquiry is "whether Congress exhibited a clear and manifest intent" to have the FAAA Act preempt the statutes authorizing the seizures here. See Californians for Safe & Competitive Dump Truck Transp. v. Mendonca, 152 F.3d 1184, 1187 (9th Cir. 1998) (discussing preemptive effect of 49 U.S.C. § 14501(c)(1)).
When deciding the scope of federal preemption we must decide its reach by not implying preemption where it clearly does not exist while bearing in mind the plain wording to determine congressional intent. Hue, 127 Wash.2d at 79, 896 P.2d 682. The preemption provision of 49 U.S.C. § 14501(c)(1), partly states:
[A] State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier... with respect to the transportation of property.
In enacting 49 U.S.C. § 14501(c)(1), Congress had two objectives in mind: (1) to institute "across-the-board deregulation ... to eliminate non-uniform state regulations of motor carriers which had caused `significant inefficiencies, increased costs, reduction of competition, inhibition of innovation and technology, and curtail[ed] the expansion of markets;'" and (2) to "`even the playing field' between air carriers and motor carriers." Californians for Safe & Competitive Dump Truck Transp., 152 F.3d at 1187 (quoting H.R. Conf. Rep. No. 103-677, at 85-88 (1994), reprinted in 1994 U.S.C.C.A.N. 1715, 1757-60). Thus, Congress did not enact 49 U.S.C. § 14501(c)(1) to affect a state's traditional right to prevent circumvention of its cigarette tax laws. See California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 331, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997) (noting lack of indication Congress intended ERISA to preempt state apprenticeship training standards or state prevailing wage laws).
The operative phrase in the preemption clause of 49 U.S.C. § 14501(c)(1) is "related to." Deerskin Trading Post, Inc. v. United Parcel Serv. of America, Inc., 972 F.Supp. 665, 668 (N.D.Ga.1997). A broad preemptive purpose is expressed. Deerskin Trading Post, 972 F.Supp. at 668. But the "related to" phrase must not be read too literally. Dillingham, 519 U.S. at 335, 117 S.Ct. 832 (Scalia, J. concurring). Rather, the "related to" language merely guides the reviewing *1083 court in identifying the field of law the preemption provision applies to. Id. at 336, 117 S.Ct. 832. Thus, the focus is range or scope.
Moreover, for the "related to" language to apply, the challenged state action must not affect the concerned industry in "too tenuous, remote, or peripheral a manner' to have preemptive effect." Californians for Safe & Competitive Dump Truck Transp., 152 F.3d at 1188 (quoting Morales v. Trans World Airlines, 504 U.S. 374, 390, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)). The FAAA Act preempts state action "to the extent that it impose[s] its substantive standards on the prices, routes, or services of the affected carrier. Id. at 1188 (citing American Airlines, Inc. v. Wolens, 513 U.S. 219, 232, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995)). Thus, the FAAA Act's preemption provision will not apply when a state statute's "effect is no more than indirect, remote, and tenuous." Id. at 1189 (citing Dillingham, 519 U.S. at 334, 117 S.Ct. 832).
Clearly the instant preemption claim is not based upon the "price" Mr. Robertson charged or the "route" he took. Mr. Robertson's argument is directed solely to state interference with the "service" he provided. Thus, the determinative question is whether Washington's cigarette excise tax laws "related to" the "service" that Mr. Robertson provided, transportation of cigarettes considered contraband under valid state law. Clearly, Congress did not intend to preempt this field of law.
Here, Mr. Robertson ran afoul of RCW 82.24. RCW 82.24.250, which prohibits transportation of contraband cigarettes in Washington, partly provides:
(1) No person other than: (a) A licensed wholesaler in the wholesaler's own vehicle; or (b) a person who has given notice to the board in advance of the commencement of transportation shall transport or cause to be transported in this state cigarettes not having the stamps affixed to the packages or containers.
(2) When transporting unstamped cigarettes, such persons shall have in their actual possession or cause to have in the actual possession of those persons transporting such cigarettes on their behalf invoices or delivery tickets for such cigarettes, which shall show the true name and address of the consigner or seller, the true name and address of the consignee or purchaser, and the quantity and brands of the cigarettes so transported.
....
(4) In the absence of the notice of transportation required by this section or in the absence of such invoices or delivery tickets, or, if the name or address of the consignee or purchaser is falsified or if the purchaser or consignee is not a person authorized by chapter 82.24 RCW to possess unstamped cigarettes, the cigarettes so transported shall be deemed contraband subject to seizure and sale under the provisions of RCW 82.24.130.
....
(7) For purposes of this section, the term "person authorized by chapter 82.24 RCW to possess unstamped cigarettes" means:
(a) A wholesaler or retailer, licensed under Washington state law;
....
(c) Any person, including an Indian tribal organization, who, after notice has been given to the board as provided in this section, brings or causes to be brought into the state unstamped cigarettes, if within a period of time after receipt of the cigarettes as the department determines by rule to be reasonably necessary for the purpose the person has caused stamps to be affixed in accordance with RCW 82.24.030 or otherwise made payment of the tax required by this chapter in the manner set forth in rules adopted by the department.
Here, the Board seized Mr. Robertson's truck pursuant to RCW 82.24.130(1), which partly provides:
The following are subject to seizure and forfeiture:
(a) Subject to RCW 82.24.250, any articles taxed in this chapter that are found at any point within this state, which articles are held, owned, or possessed by any person, *1084 and that do not have the stamps affixed to the packages or containers.
(b) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in (a) of this subsection, except:
(i) A conveyance used by any person as a common or contract carrier having in actual possession invoices or delivery tickets showing the true name and address of the consignor or seller, the true name of the consignee or purchaser, and quantity and brands of the cigarettes transported, unless it appears that the owner or other person in charge of the conveyance is a consenting party or privy to a violation of this chapter;
(ii) A conveyance subject to forfeiture under this section by reason of any act or omission of which the owner thereof establishes to have been committed or omitted without his or her knowledge or consent[.]
RCW 82.24.130(3) further states:
Notwithstanding the foregoing provisions of this section, articles taxed in this chapter which are in the possession of a wholesaler or retailer, licensed under Washington state law, for a period of time necessary to affix the stamps after receipt of the articles, shall not be considered contraband.
In 1990, the Legislature amended RCW 82.24.250(1) to add the notice requirement. Laws of 1990, ch. 216 § 6; see also United States v. Baker, 63 F.3d 1478, 1487 (9th Cir.1995) (discussing legislative history of the notice requirement). The notice provision appeared to be an emergency response to the difficulties the state experienced in enforcing its cigarette tax laws in the face of tribal sales of untaxed cigarettes to non-Indians. Laws of 1990, ch. 216 § 7; see Baker, 63 F.3d at 1487.
Prior to the 1990 amendment, the notice requirement existed solely as a provision of the Department of Revenue's excise tax regulations. WAC 458-20-192. This court, quoting WAC 458-20-192, held "delivery or sale of unstamped cigarettes to Indian vendors for further resale may be made `only in such quantities as is approved in advance by the department of revenue.'" Gord v. Department of Revenue, 50 Wash.App. 646, 653, 749 P.2d 678 (1987) (Gord I). The Legislature subsequently added the notice requirement to RCW 82.24.250 to further clarify the law. Baker, 63 F.3d at 1487-88.
In light of this history, it is apparent the Legislature did not intend RCW 82.24.130(1) and RCW 82.24.250 to regulate the "price, route, or service" of motor carriers. Rather, both Washington statutes require anyone bringing unstamped and untaxed cigarettes into the state to first notify the Board. Gord I, 50 Wash.App. at 653, 749 P.2d 678. Failure to give advance notification renders the cigarettes contraband. RCW 82.24.250(4).
For good reason Mr. Robertson does not suggest that Congress had any clear and manifest intent when enacting the FAAA Act to preempt state laws prohibiting the "service" of transporting contraband such as unapproved unstamped cigarettes. If so, a motor carrier would be exempt from forfeiture for transporting a methamphetamine lab, RCW 69.50.505, poached game, RCW 77.12.101, or contraband cigarettes, RCW 82.24.130.
Thus, while RCW 82.24.130(1) and RCW 82.24.250 did ultimately have an impact on Mr. Robertson's use of his truck to haul contraband cigarettes, we conclude the statutes had no more than an "indirect, remote, and tenuous" relationship with the deregulatory purposes of the FAAA Act.
Further, the Board is correct that the federal Contraband Cigarette Trafficking Act (CCTA) preserves Washington's right to enforce its cigarette tax laws. Specifically, 18 U.S.C. § 2345(a) states:
Nothing in this chapter shall be construed to affect the concurrent jurisdiction of a State to enact and enforce cigarette tax laws, to provide for the confiscation of cigarettes and other property seized for violation of such laws, and to provide for penalties for the violation of such laws.
In this connection, Mr. Robertson may be correct in stating that he was not in violation of the CCTA at the time of the seizure. *1085 Under the CCTA, "contraband cigarettes" do not include untaxed cigarettes in the possession of "a common or contract carrier transporting the cigarettes involved under a proper bill of lading or freight bill which states the quantity, source, and destination of such cigarettes[.]" 18 U.S.C. § 2341(2)(B). But the cigarettes were legally contraband under Washington's cigarette tax law, RCW 82.24.250(4).
Notwithstanding Mr. Robertson's seeming compliance with the CCTA, the Ninth Circuit has recognized that Washington cigarette tax laws prohibit "transporting unapproved cigarettes" into the state. United States v. Gord, 77 F.3d 1192, 1194 (9th Cir.1996) (per curiam) (Gord II) (citing Baker, 63 F.3d at 1486-87). And, as noted above, the CCTA does not derogate the State's authority to enforce its own cigarette tax laws. 18 U.S.C. § 2345. As the Baker court noted:
Under Washington law, mere possession of unstamped cigarettes, even by an Indian, is prohibited if the cigarettes are not preapproved for tax exemption. Unapproved cigarettes are contraband whether or not the tribe's annual allotment of unstamped cigarettes has been exhausted. The whole purpose of the preapproval requirement is to monitor the amount of unstamped cigarettes brought into the reservation to ensure the amount does not exceed the tribe's annual quota.
Baker, 63 F.3d at 1487.
In sum, the Board seized Mr. Robertson's truck for violation of this state's cigarette tax laws. Those laws do not conflict with the preemption clause of the FAAA Act and are expressly preserved under the CCTA. Accordingly, Mr. Robertson's preemption argument is unpersuasive. The trial court did not err; 49 U.S.C. § 14501(c) does not preempt RCW 8.24.130 or RCW 8.24.250.

B. Burden of Proof
The issue is whether the trial court erred when giving Instruction No. 9 and concluding that Mr. Robertson had the burden of proving he was not a consenting party and not privy to transporting contraband cigarettes into Washington.
No dispute exists that the cigarettes were contraband under RCW 82.24.250 or that Mr. Robertson was a contract or common carrier under RCW 82.24.130(1)(b)(i). The parties agree the correct question was posed to the jury, however, disagree about who had the burden of proof regarding the critical exemption.
"Jury instructions are sufficient if they allow the parties to argue their theories of the case, do not mislead the jury and, when taken as a whole, properly inform the jury of the law to be applied." Hue v. Farmboy Spray Co., 127 Wash.2d 67, 92, 896 P.2d 682 (1995) (citing Adcox v. Children's Orthopedic Hosp. & Med. Ctr., 123 Wash.2d 15, 36, 864 P.2d 921 (1993); Farm Crop Energy, Inc. v. Old Nat'l Bank, 109 Wash.2d 923, 933, 750 P.2d 231 (1988)). "On appeal, errors of law in jury instructions are reviewed de novo, and an instruction's erroneous statement of the applicable law is reversible error where it prejudices a party." Hue, 127 Wash.2d at 92, 896 P.2d 682 (citing State v. Wanrow, 88 Wash.2d 221, 559 P.2d 548 (1977)).
The validity of the trial court's instructions turns on its interpretation of RCW 82.24.130(1) and RCW 82.24.135. Statutory interpretation is subject to de novo review. State v. Azpitarte, 140 Wash.2d 138, 140-41, 995 P.2d 31 (2000). In interpreting the statute, the reviewing court seeks to effectuate the Legislature's intent. Hubbard v. Department of Labor & Indus., 140 Wash.2d 35, 43, 992 P.2d 1002 (2000). We read the statutory provisions together and construe the statute as a whole. Hubbard, 140 Wash.2d at 43, 992 P.2d 1002.
The Board argues RCW 82.24.130 is analogous to Washington's drug forfeiture statute, RCW 69.50.505. A person claiming recovery of personal property forfeited under the drug statute bears the burden of proving by a preponderance of the evidence that the property was not used in connection with illegal drug activity or "was used without the consent or knowledge of the owner." Rozner v. City of Bellevue, 116 Wash.2d 342, 345, 350, 804 P.2d 24 (1991) (interpreting RCW 69.50.505(e)). Moreover, RCW 69.50.506(a) states:

*1086 It is not necessary for the state to negate any exemption or exception in this chapter in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this chapter. The burden of proof of any exemption or exception is upon the person claiming it.
Mr. Robertson, relying on United States v. One Rockwell Int'l Commander 690C/840, Serial Number 11627, 754 F.2d 284 (8th Cir. 1985) and United States v. One (1) Liberian Refrigerator Vessel, 447 F.Supp. 1053 (M.D.Fla.1977), aff'd, 617 F.2d 136 (5th Cir. 1980), argues federal forfeiture cases involving common carriers place the burden on the government to prove the claimant consented to or had knowledge of the contraband operation. 21 U.S.C. § 881(a)(4)(A) contains a common carrier exception, which the Liberian Refrigerator Vessel court held places the burden on the government to prove the owner or operator of the conveyance "was privy to the illegal activity or a consenting party thereto." Liberian Refrigerator Vessel, 447 F.Supp. at 1056; accord United States v. One (1) 1944 Steel Hull Freighter Converted Wartime Landing Craft (LLU) Shamrock, 697 F.2d 1030, 1031 (11th Cir.1983).
Washington's drug forfeiture statute, RCW 69.50.505, is modeled after 21 U.S.C. § 881 "and reflects substantially the same wording." Jack F. Nevin, Tellevik v. Real Property: Washington's Constitutional Dilemma, 29 Gonz. L.Rev. 303, 304 (1994). Nevertheless, while both the Washington and federal statutes contain a common carrier exception, 21 U.S.C. § 881 does not contain the burden of proof language set forth in RCW 69.50.505(e). Thus, notwithstanding contrary interpretations of 21 U.S.C. § 881, it appears the Washington Legislature specifically imposed the burden of proof on a claimant invoking an exemption to forfeiture of personal property even in the common carrier context. Rozner, 116 Wash.2d at 349, 804 P.2d 24.
With regard to contraband cigarettes, RCW 82.24.135(5) states: "The burden of proof by a preponderance of the evidence shall be upon the person claiming to be the lawful owner or the person claiming to have the lawful right to possession of the items seized." RCW 82.24.130 and RCW 82.24.135(5) read in relation to each other reflect a legislative intent with regard to seized personal property analogous to that underlying RCW 69.50.505. In balance with our state authorities, the few federal cases upon which Mr. Robertson relies are not persuasive.
In sum, under RCW 82.24.135(5), the person seeking recovery of a conveyance seized pursuant to RCW 82.24.130 bears the burden of proving by a preponderance of the evidence that he or she qualifies for an exemption from forfeiture. Thus, Mr. Robertson's challenge to Instruction No. 9 fails. The trial court did not err when allocating the burden of proof on the exemption to Mr. Robertson.

CONCLUSION
We hold the trial court did not err when deciding federal law did not preempt the seizure of Mr. Robertson's truck or when deciding to allocate the burden of proof to Mr. Robertson to prove he was entitled to an exemption under state law.
Affirmed.
KURTZ, C.J., and SCHULTHEIS, J., concur.