Honorable James Nagle Walla Walla County Prosecuting Attorney 240 West Alder #201 Walla Walla, WA 99362
Dear Prosecutor Nagle:
By letter previously acknowledged, you have asked for our opinion on a question we have paraphrased as follows:
RCW 65.04.090 requires a county auditor, when adocument has been recorded, to "electronically transmit or deliverit, upon request, to the party leaving the same for record or tothe address on the face of the document." Does the county auditorhave discretion to decide whether to deliver the document to theparty leaving it for recording or, alternatively, to deliver it tothe address on the face of the document, or must the auditor honorthe choice made by the party who presented the document forrecording?
 BRIEF ANSWER
RCW 65.04.090 grants a choice to the party presenting a document for recording to choose whether the record will be personally delivered or transmitted to the address on the face of the document. The county auditor is obligated to honor the choice made by the party in question.
 ANALYSIS
You have asked assistance in interpreting the language of RCW 65.04.090, which reads in its entirety as follows:
The recording officer[1] must also endorse upon such an instrument, paper, or notice, the time when and the book and page in which it is recorded, and must thereafter electronically transmit or deliver it, upon request, to the party leaving the same for record or to the address on the face of the document.
Id. As you point out, the phrase "upon request" could be construed to modify the phrase just before it (that is, a request to electronically transmit as opposed to a request to deliver) or to modify the phrase following it (that is, a request to personally deliver the document as opposed to a request to transmit it to the address on the document's face). It could also simply mean that the auditor is required to transmit or deliver a document upon request, but not otherwise. This potential ambiguity leads to your actual question of whether the auditor may adopt a policy of (for instance) only personally delivering the document to the party requesting recording or honoring a request that the document be mailed or otherwise transmitted to the address on the document's face.[2]
The language of RCW 65.04.090, taken in isolation, could be read either to confer an obligation on the recording officer to "transmit or deliver (recording officer's choice) upon request or to "transmit or deliver" according to the preference expressed by the party presenting the document for recording. When a statute is ambiguous, the courts will look to determine the intent of the Legislature, using such tools as the legislative history of the language in question. Rozner v. City of Bellevue,116 Wn.2d 342, 804 P.2d 24 (1991). In this case, we think the history of the legislation, as well as the evidence of the Legislature's intent when the statute was amended in 1996, establishes that the choice of "transmit or deliver" was intended to be the "patron's" choice and not that of the recording officer.
RCW 65.04.090 has been amended only once since its original enactment. Laws of 1996, ch. 229, § 5. Otherwise, this statute has been in existence since Washington's territorial period. Code 1881 § 2732. In the 1881 version of the statute, the critical phrase was worded "must thereafter deliver it, upon request, to the party leaving the same for record or to his order." RCW 65.04.090 (1881). From this language, it is clear that before the 1996 amendment, the party requesting a document to be recorded could request delivery to himself or "to his order" that is, delivery to some other person or to some stated place.[3] Before the 1996 amendment, then, the auditor was clearly required to honor the choice of the person presenting a document for recording by either delivering it to that person or following his or her instructions.
The history of Senate Bill 6090, the bill which included the 1996 amendment to RCW 65.04.090, indicates that the Legislature actually considered, and subsequently rejected, granting increased discretion to the recording officers. The critical sentence, in the version of SB 6090 originally introduced, read "must thereafter electronically transmit or deliver it, upon request, to the party leaving the same for record or to the address on the face of the document, at the discretionof the recording officer." SB 6090, § 5, 54th Leg. (1996) (version as read first time on January 8, 1996) (emphasis added). On the floor of the House of Representatives, Representative McMahan introduced an amendment to strike the phrase "at the discretion of the recording officer." House Journal, 54th Leg. (1996), at 2096. The amendment was adopted, and the Senate subsequently concurred in it.[4] Whatever the purpose of the original language in SB 6090, there is no doubt that the Legislature, in removing the final phrase, intended to make it clear that the recording officer was not intended to have an option whether to deliver or transmit, but he or she would be obligated (as in the period before the amendment) to honor the choice of the person presenting the document for recording.
This is further confirmed by the final bill report on Senate Bill 6090, which explains the intent behind the critical amendment as follows:
Recorded documents must be returned either to the party leaving it for record or to the address on the face of the document, asrequested by the party leaving it for record. References are corrected and gender neutral terminology is adopted.
Final Legislative Report on Senate Bill 6090, 54th Leg. (1996), at p. 145 (underlining added). From all these items of legislative history, then, we can clearly deduce that the 1996 amendment to RCW 65.04.090 was intended to (1) provide for electronic transmittal of records, (2) somewhat narrow the earlier "to his order" language so that the person leaving a document for recording can now request either of two options — personal delivery or transmittal to the address shown on the document; and (3) update the gender specific language of the 1881 version of the statute. As was true before 1996, however, the person leaving a document for recording was intended to have the choice between personal delivery or transmittal, and this choice was not left to the discretion of the county auditors or other recording officers.
We trust the foregoing will be useful to you.
Sincerely,
JAMES K. PHARRIS Senior Assistant Attorney General (360) 664-3027
[1] The term "recording officer" is defined as "the county auditor, or in charter counties the county official charged with the responsibility for recording instruments in the county records." RCW 65.04.015. In this opinion, references to "county auditor" are intended to include any "recording officer" in a charter county as well.
[2] We understand that the title companies, who present many documents for recording, believe the discretion lies with them as the parties requesting recording, while some county auditors would like to save extra work and postage cost by opting only for "personal delivery" to the party leaving the document for recording.
[3] The bill amending this language, Senate Bill 6090 in the 54th Legislature, was entitled "an act relating to the recording of instruments via electronic transmission". The narrow scope of this title suggests that the bill's primary purpose was to allow documents to be recorded and transmitted electronically and not to make a substantive change in the duties of the recording officer.
[4] A note archived with the committee file on SB 6090, containing the text of the floor amendment and the signatures of Representative McMahan and others, indicates what the effect of the floor amendment would be: "removes the authority of the recording officer to choose whether to return the filed document to the party leaving the document or to the address on the face of the document." The signed original of this note is in the House Government Operations Committee file on SB 6090, now in the possession of the State Archives.