# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LORI G. DRUMMOND, as personal representative of the ESTATE OF RAYMOND J. DRUMMOND, | No. 54273-1-II (consolidated with No. 54423-7-II) |
| Respondent, | |
| v. | |
| BONAVENTURE OF LACEY, LLC, d/b/a BONAVENTURE OF LACEY, a foreign limited liability company; MICHAEL D. BALL; and SHARON L. MELTON; | PUBLISHED OPINION |
| Appellants, | |
| and | |
| JOHN AND JANE DOES 1-10; | |
| Defendants. | |

CRUSER, J. – Raymond Drummond[1] was a resident at one of Bonaventure's assisted living facilities. When Raymond was living at Bonaventure's facility he was taken to the hospital for insulin poisoning. Raymond later passed away. Raymond's estate (Estate) filed suit against Bonaventure, alleging that Bonaventure was responsible for providing Raymond the incorrect

---

[1] For clarity, in this opinion we will use Raymond Drummond's and Lori Drummond's first names.

medication that led to his death. The Estate also brought a wrongful death claim on the beneficiaries' behalf.

Bonaventure moved to compel arbitration, arguing that the arbitration agreement that Raymond's daughter signed upon admitting Raymond to the facility was binding on the Estate. In that same motion, Bonaventure moved to stay the beneficiaries' claim while the Estate's claims were arbitrated. The trial court denied the motion, concluding the arbitration agreement between Bonaventure and Raymond was prohibited by RCW 70.129.105.

Bonaventure appeals the trial court's denial of its motion to compel arbitration and stay the beneficiaries' claim. Bonaventure argues that the trial court erred when it concluded that RCW 70.129.105 prohibited Bonaventure's arbitration agreement with Raymond and when it denied Bonaventure's motion to stay the beneficiaries' claim. The Estate responds that the arbitration agreement was prohibited because RCW 70.129.105 prohibits assisted living facilities from requesting that a resident waive a right set forth in chapter 70.129 RCW, and the right to a jury trial is set forth in RCW 70.129.005.[2]

We conclude that RCW 70.129.005 does not set forth the right to a jury trial and therefore cannot be used as grounds to argue that RCW 70.129.105 prohibits Bonaventure's arbitration agreement with Raymond. We decline to consider whether a stay of the beneficiaries' claim should be granted because the trial court never ruled on this issue and it is not yet settled that the Estate must arbitrate its claims. Accordingly, we reverse and remand for further proceedings.

---

[2] RCW 70.129.005 was amended in 2020. LAWS OF 2020, ch. 278, § 12. However, this amendment has no meaningful impact on this case; therefore, we cite to the current version.

FACTS

In 2017, Raymond was admitted to an assisted living facility, Bonaventure of Lacey. Lori Drummond, Raymond's daughter, signed the admission agreement with Bonaventure as Raymond's representative. As a part of Raymond's service plan with Bonaventure, the facility agreed to provide support administrating medication one to three times a day. Lori also signed an addendum to the admission agreement that was an arbitration agreement that stated that disputes between Bonaventure and the resident (in this case, Raymond) must be mediated, and if mediation was not successful, then the parties must arbitrate the dispute.

Approximately two months after Raymond moved into Bonaventure's facility, Raymond was taken to the hospital for hypoglycemia. Tests revealed that Raymond had glimepiride in his system, a medication he had not been prescribed. The hospital concluded that Raymond was suffering from insulin poisoning. Approximately a week after being admitted, Raymond had improved significantly. However, Raymond passed away less than a year later.

In 2019, the Estate filed suit against Bonaventure. The Estate alleged that Bonaventure was responsible for the glimepiride in Raymond's system, and that the glimepiride caused serious harm to Raymond, leading to his death. The complaint listed six causes of action, including a wrongful death claim. For the wrongful death claim, the Estate explained it was asserting all statutory claims to which the Estate's beneficiaries might be entitled.

In response to the complaint, Bonaventure moved to enforce the dispute resolution agreement and stay the beneficiaries' claim. Bonaventure argued that the Estate was required to arbitrate its claims because Lori bound Raymond to the arbitration agreement when she signed the

3

arbitration agreement on Raymond's behalf, and that arbitration agreement was in turn binding on the Estate.

The Estate contended that the arbitration agreement was not binding, arguing, among other things, that Bonaventure was prohibited by RCW 70.129.105 from requesting an arbitration agreement with one of its residents.

The court denied Bonaventure's motion, concluding that RCW 70.129.105 prohibited the arbitration agreement in this case. The trial court discussed whether Lori had authority to sign the arbitration agreement and whether the beneficiaries' claim should be stayed. However, the court did not provide any decisive ruling on these issues, instead it merely decided the "threshold" issue that RCW 70.129.105 prohibited the arbitration agreement in this case. Verbatim Report of Proceedings (VRP) (Dec. 13, 2019) at 46.

Bonaventure appeals.

## DISCUSSION

## I. RCW 70.129.105

Bonaventure argues that the trial court erred when it concluded that Bonaventure's arbitration agreement with Raymond was prohibited by RCW 70.129.105. Bonaventure further argues that if RCW 70.129.105 is construed as prohibiting arbitration agreements between assisted living facilities and their residents, then RCW 70.129.105 is preempted by the Federal Arbitration Act (FAA).

The Estate argues that the arbitration agreement was a request for Raymond to waive his right to a jury trial, a right that is laid out in RCW 70.129.005, and such a waiver is prohibited by RCW 70.129.105.

4

We conclude that RCW 70.129.005 does not set forth the right to a jury trial.

A. LEGAL PRINCIPLES

*1. Statutory Interpretation*

Statutory interpretation, a question of law, is reviewed de novo. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). "The primary objective of any statutory construction inquiry is 'to ascertain and carry out the intent of the Legislature.' " *Id.* (quoting *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991)). When we interpret a statute, we first consider the plain language of the statute. *Id.* If a statute's plain language can only have one interpretation, then the inquiry ends. *Id.*

When a statute's language is plain and unambiguous, the statute's meaning " 'must be derived from the wording of the statute itself.' " *Id.* (quoting *Human Rights Comm'n v. Cheney Sch. Dist. No. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982)). Absent a statutory definition, we give words their plain and ordinary meaning. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002).

*2. RCW 70.129.005 and RCW 70.129.105*

Chapter 70.129 RCW provides for specific rights for long-term care residents. The legislature explained that it intended "that individuals who reside in long-term care facilities receive appropriate services, be treated with courtesy, and *continue to enjoy their basic civil and legal rights*." RCW 70.129.005 (emphasis added).

RCW 70.129.105 provides that "[n]o long-term care facility . . . shall require or request residents to sign waivers of potential liability for losses of personal property or injury, or to sign waivers of residents' rights set forth in this chapter."

*3. Federal Arbitration Act*

Arbitration is strongly favored under Washington and federal law and "all presumptions [are] to be made in favor of arbitration." *Gandee v. LDL Freedom Enterprises, Inc.*, 176 Wn.2d 598, 603, 293 P.3d 1197 (2013). The FAA provides that "arbitration agreements [are] 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' " *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426, 197 L. Ed. 2d 806 (2017) (quoting 9 U.S.C. § 2). In other words, a court can invalidate an arbitration agreement for fraud or unconscionability, but the FAA preempts state rules that prohibit or invalidate an arbitration agreement solely because it is an arbitration agreement. *Id.* The FAA also displaces laws that "covertly" undermine arbitration agreements by targeting the defining features of arbitration agreements. *Id.*

For example, in *Kindred*, the United States Supreme Court rejected the Kentucky Supreme Court's reliance on the Kentucky Constitution's right to a jury trial to invalidate arbitration agreements where the agents did not have express, specific authority to consent to arbitration. *Id.* at 1425-27. "Such a rule is too tailor-made to arbitration agreements—subjecting them, by virtue of their defining trait, to uncommon barriers—to survive the FAA's edict against singling out [arbitration agreements] for disfavored treatment." *Id.* at 1427.

We review whether a Washington statute is preempted by federal law de novo. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 797, 225 P.3d 213 (2009).

B. ANALYSIS

*1. RCW 70.129.105*

Bonaventure argues that the trial court erred when it concluded that RCW 70.129.105 prohibits Bonaventure's arbitration agreement with the Estate because an arbitration agreement merely limits the avenues of recovery, it is not a waiver of liability and it does not limit any right identified in chapter 70.129 RCW because nothing in that chapter provides for the right to a jury trial.

The Estate argues that RCW 70.129.005 contains the right to a jury trial, and thus RCW 70.129.105 prohibits the arbitration agreement between Bonaventure and Raymond because an arbitration agreement necessarily involves the waiver of the right to a jury trial.[3]

We hold that RCW 70.129.005 does not contain a right to a jury trial and, thus, cannot be used as a basis to argue that the arbitration agreement violates RCW 70.129.105.

The Estate's argument that the arbitration agreement violates RCW 70.129.105's prohibition on long-term care facilities from requiring residents to waive rights set forth in chapter 70.129 RCW because a jury trial right is set forth in RCW 70.129.005 is not persuasive. In RCW

---

[3] The Estate also claims that the arbitration agreement required Raymond to waive his rights to appeal and discovery, and that it provided that Bonaventure was the only party entitled to recover fees, all of which render the arbitration agreement invalid. However, the Estate provides no argument in support of these assertions. We are not required to consider arguments for which only passing treatment is given, or for which reasoned argument is not provided, and we decline to do so here. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). The Estate also makes passing references to RCW 70.129.105 prohibiting facilities from requiring waivers of liability. But it is not clear whether the Estate is actually arguing that *this* agreement contained a waiver of liability because the Estate does not include a separate argument on a waiver of liability or identify a provision in this agreement that would serve as a waiver of liability. To the extent the Estate is raising this argument, we decline to consider it. *Id.* Moreover, there is nothing inherent in an arbitration agreement generally, or in this specific agreement, that would constitute a waiver of liability.

70.129.005, the legislature merely stated its intent that residents "continue to enjoy their basic civil and legal rights" and that the statutes it had enacted in chapter 70.129 RCW should not interfere with those basic civil and legal rights. The legislature did not set forth every basic civil and legal right in that section. It is the constitution that sets forth the Estate's right to a jury, not chapter 70.129 RCW. Thus, the plain language of RCW 70.129.005 does not set forth a jury trial; therefore, the argument that RCW 70.129.105 prohibits arbitration agreements pursuant to RCW 70.129.005 is without merit.[4]

*2. Preemption*

Even if there was ambiguity in the statutory scheme, we avoid interpreting statutes in a way that calls their constitutionality into question. *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997) ("[A] statute will be construed so as to avoid constitutional problems, if possible."). Preemption is rooted in the supremacy clause. *Ameriquest Mortg. Co. v. Office of Att'y Gen.*, 170 Wn.2d 418, 439, 241 P.3d 1245 (2010). If RCW 70.129.105 were preempted by the FAA, then it would be unconstitutional, at least as applied in these circumstances. *State v. Quintero Morelos*, 133 Wn. App. 591, 600, 137 P.3d 114 (2006).

If we adopted the interpretation that the Estate suggests – that RCW 70.129.105 prevents long-term care facilities from requesting or requiring arbitration agreements from their clients –

---

[4] The parties also discuss a DSHS advisory letter, which the trial court relied on when making its decision, and the parties disagree whether the letter should be given any weight.

Because we conclude that the statutory language is plain and unambiguous, we determine the legislature's intent from the statute itself, regardless of DSHS's interpretation of the statute. " 'Where statutory language is plain and unambiguous, courts will not construe the statute but will glean the legislative intent from the words of the statute itself, regardless of contrary interpretation by an administrative agency.' " *HomeStreet*, 166 Wn.2d at 451-52 (quoting *Agrilink Foods, Inc. v. Dep't of Revenue*, 153 Wn.2d 392, 396, 103 P.3d 1226 (2005)). Therefore, DSHS's interpretation has no bearing on our analysis.

then the FAA would preempt the rule because the FAA displaces a law that "covertly" undermines an arbitration agreement by targeting its defining features. *Kindred*, 137 S. Ct. at 1426. Interpreting RCW 70.129.105 to prohibit certain arbitration agreements because they implicate the right to a jury trial—a defining feature of arbitration agreements, generally—would create the very situation that the *Kindred* Court said was impermissible. *Id.* at 1427. In short, the Estate asks us to adopt an interpretation of the statute that would create a preemption problem under the FAA and *Kindred*, which would in turn violate the supremacy clause. If there is an alternative, we cannot choose an interpretation that renders a statute unconstitutional.[5]

We hold that RCW 70.129.005 does not set forth the right to a jury trial; and thus, does not provide a basis to conclude that RCW 70.129.105 prohibits Bonaventure's arbitration agreement with Raymond.

## II. BENEFICIARIES' CLAIM

Bonaventure also argues that if its motion to enforce the Estate to arbitrate is granted, then its motion to stay the beneficiaries' claim pending arbitration should also be granted.

We decline to consider whether a stay of the beneficiaries' claim would be appropriate. The trial court has yet to rule on whether a stay would be appropriate; therefore, there is no decision for us to review. RAP 2.4(a); *Meresse v. Stelma*, 100 Wn. App. 857, 867, 999 P.2d 1267 (2000) ("[A]n appellate court generally will not review a matter on which the trial court did not rule.").

---

[5] The Estate argues that the FAA does not apply in this case because the FAA only applies to existing agreements, it does not address laws that prevent someone from entering or requesting an arbitration agreement. This argument has already been addressed in *Kindred*. 137 S. Ct. at 1428 ("A rule selectively finding arbitration contracts invalid because improperly formed fares no better under the Act than a rule selectively refusing to enforce those agreements once properly made.").

Furthermore, the trial court has not had the opportunity to fully address all the issues relevant to Bonaventure's motion to enforce arbitration, meaning the issue of whether the beneficiaries' claim should be stayed pending arbitration may never be pertinent in this case.[6]

## CONCLUSION

We hold that RCW 70.129.005 does not set forth the right to a jury trial, and RCW 70.129.105 does not prohibit Bonaventure's arbitration agreement with Raymond on the basis that a jury trial right is set forth in RCW 70.129.005. We decline to consider any other issues because the trial court has not yet ruled on these issues. Accordingly, we reverse and remand for further proceedings.

CRUSER, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.

---

[6] The Estate asks us to decide these issues surrounding the motion to enforce arbitration, including but not limited to whether Lori had the authority to sign the settlement agreement. Because the trial court has not yet ruled on the merits on these issues, we decline to consider them. *Meresse*, 100 Wn. App. at 867.