IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40139-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FREDDY RAUL SANCHEZ-BENITEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — On May 19, 2009, Freddy Sanchez-Benitez was convicted of robbery in the first degree and sentenced to prison, community custody, and ordered to pay $2,047.28 in legal financial obligations (LFOs). Mr. Sanchez-Benitez filed an "Ex Parte Motion for Certificate and Order of Discharge," admitting he had outstanding LFOs in November 2023. Clerk's Papers at 217. The trial court denied the motion, in part, because Mr. Sanchez-Benitez owed on his LFOs. Mr. Sanchez-Benitez appeals, arguing the trial court erred when it denied his motion for a certificate of discharge. Finding no error, we affirm.

Statutory construction is a question of law that we review de novo. *Stuckey v. Dep't of Lab. & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996). "The fundamental objective of statutory construction is to ascertain and carry out the intent of the Legislature." *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991). The meaning of a statute must be derived from the statute's words alone, provided the statute is plain and unambiguous. *Id.* "A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable." *Berger v. Sonneland*, 144 Wn.2d 91, 105, 26 P.3d 257 (2001).

RCW 9.94A.637 governs certificates of discharge. "A certificate of discharge restores an offender's civil rights" and is issued "when an offender has completed all of his sentence requirements, including any LFOs." *State v. Gossage*, 165 Wn.2d 1, 6, 195 P.3d 525 (2008). Under certain circumstances, the offender can move for a certificate of discharge and "provide verification of completion of all nonfinancial conditions of his or her sentence" in which case the "certificate of discharge issued . . . is effective on the later of: (a) [f]ive years after completion of [confinement and community custody, if any] . . . or (b) the date *any and all* [LFOs] *were satisfied*." RCW 9.94A.637(4) (emphasis added).

A sentencing court must determine whether the offender has complied with the terms of the sentence before issuing a certificate of discharge. *State v. Johnson*, 148 Wn. App. 33, 39, 197 P.3d (2008); *State v. Donaghe*, 172 Wn.2d 253, 264, 256 P.3d 1171

(2011). If a sentencing court finds an offender has not completed all requirements of the sentence, it has the authority to deny a certificate of discharge. *Donaghe*, 172 Wn.2d at 264.

Here, the sentencing court did not err in denying Mr. Sanchez-Benitez's motion for a certificate of discharge. Mr. Sanchez-Benitez made minimal payments toward his LFOs while interest accrued on the unpaid balance. Mr. Sanchez-Benitez admittedly owed between $2,596.86 and $4,900.00 at the time of his motion, thus not meeting the statutory requirements for discharge.

Mr. Sanchez-Benitez argues his motion should have been granted because he is indigent and unable to pay his LFOs. While sympathetic to Mr. Sanchez-Benitez's situation, he has failed to pursue relief under RCW 10.01.160(4). RCW 10.01.160(4) provides that "[a] defendant . . . who has not willfully failed to pay [LFOs] may at any time petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof." If the court determines that the LFOs "will impose manifest hardship on the defendant . . . the court may remit all or part of the amount due in costs, modify the method of payment . . . or convert the unpaid costs to community restitution hours." *Id.* Mr. Sanchez-Benitez has not petitioned the trial court for relief under RCW 10.01.160(4) and maintains an unpaid balance on his LFOs. Consequently, the trial court did not err in denying his motion for a certificate of discharge.

No. 40139-1-III
*State v. Sanchez-Benitez*

Although we affirmed the trial court's order, our holding does not preclude Mr. Sanchez-Benitez from filing a subsequent petition for certificate of discharge once his LFOs have been paid in full or remitted under RCW 10.01.160(4).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, A.C.J.

4