**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Ted GORD, Defendant–Appellee.**

**No. 94–30386.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1996.

Decided March 1, 1996.

Kris A. McLean, Assistant United States Attorney, Helena, Montana, for plaintiff-appellant.

Julio K. Morales, Missoula, Montana, for defendant-appellee.

Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding.

Before: BROWNING and CANBY, Circuit Judges, and REA,* District Judge.

**PER CURIAM:**

The government appeals the district court's dismissal of Ted Gord's indictment. We reverse and remand for trial.

---

* Hon. William J. Rea, United States District Judge for the Central District of California, sitting by

## I.

Ted Gord managed a smoke shop in Tacoma, Washington, known as the Thunderbird Trading Post. According to the indictment, Gord and co-conspirators knowingly and unlawfully received, possessed, and distributed cigarettes that did not have tax stamps required by Washington state law, and laundered millions of dollars from the scheme in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 2341–2342.

The district court dismissed the indictment, adopting the opinion in a similar case, *United States v. Brigman,* 874 F.Supp. 1125 (E.D.Wash.1994). The government appeals.

## II.

The federal Contraband Cigarette Trafficking Act (CCTA) prohibits shipping, transporting, receiving, possessing, selling, distributing, or purchasing more than 60,000 cigarettes that "bear no evidence of the payment of applicable State cigarette taxes in the State where such cigarettes are found, if such State requires a stamp ... to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes...." 18 U.S.C. §§ 2341–2342.

A violation of the state cigarette tax law is a predicate to a CCTA violation. Under Washington state law, cigarette packages must bear stamps proving payment of taxes. Wash.Rev.Code §§ 82.24.030, 82.24.050. However, if Native Americans obtain pre-approval from the Washington Department of Revenue, they "may make purchases of unstamped cigarettes ... for resale to [Native Americans]." Wash.Admin.Code § 458-20-192.

## III.

The district court concluded Congress did not intend the Contraband Cigarette Trafficking Act to apply to Native Americans. *See Brigman,* 874 F.Supp. at 1131. We recently rejected this argument, however, in

designation.

affirming the convictions of two of Gord's alleged co-conspirators. *See United States v. Baker*, 63 F.3d 1478, 1484–86 (9th Cir.1995).

We noted in *Baker* that "[a]ny unstamped cigarettes brought into Washington for purposes of sale to Indians must be preapproved by the state's Department of Revenue," and held that transporting unapproved cigarettes into Washington violated Washington law and the CCTA. *Id.* at 1486–87.

■ Gord argues that not every violation of state cigarette tax law is also a violation of the CCTA. The CCTA prohibits possession of unstamped cigarettes only if taxes are due. He argues no taxes were due on the cigarettes he possessed and distributed, because (he claims) the Thunderbird Trading Post was a tribal organization, and distributed the cigarettes only to Native Americans. However, under Washington law, all unstamped, unapproved cigarettes are "subject to seizure[,] ... tax and penalties," even if possessed by and distributed to Native Americans. Wash.Admin.Code § 458-20-192. Thus, even if the Thunderbird Trading Post is a tribal organization, the unstamped cigarettes were contraband under the CCTA unless they were preapproved by the Washington Department of Revenue and were sold to Native Americans.

■ Gord also argues the indictment should have negated the Native American exception by alleging the cigarettes either (1) were not preapproved by the Washington Department of Revenue, or (2) were sold to non-Native Americans. However, "[w]hile an indictment must ordinarily charge every essential element of an offense, it need not negate every applicable statutory exception." *Echavarria–Olarte v. Reno*, 35 F.3d 395, 399 (9th Cir.1994). The indictment need not allege the unstamped cigarettes were not preapproved, or were sold to non-Native Americans. *United States v. Blinder*, 10 F.3d 1468, 1476 (9th Cir.1993). *See also McKelvey v. United States*, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922); *United States v. Green*, 962 F.2d 938, 941 (9th Cir. 1992); *United States v. Hester*, 719 F.2d 1041, 1042–43 (9th Cir.1983).

Gord's indictment closely tracks the language of the CCTA, and alleges all of the elements of the offense. It alleges Gord knowingly and unlawfully shipped, transported, received, possessed and distributed contraband cigarettes which did not bear the tax stamps required by Washington law, reciting specific names, dates and descriptions of the shipments.

These allegations are sufficient to inform Gord of the nature of the charges, enable him to prepare a defense, and plead double jeopardy. *See United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995); *United States v. Schmidt*, 947 F.2d 362, 369 (9th Cir.1991).

REVERSED AND REMANDED.