**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-10114
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

VERSUS

CHARLES CLEVELAND NOWDEN

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(No. 4:00-CR-34-1-Y)

November 7, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Charles C. Nowden was determined to have violated 18 U.S.C. § 2342 (possession of contraband cigarettes) and § 922(g) of the same title (felon in possession of a firearm) based on his guilty plea. He appeals both convictions, and we affirm. We grant Nowden's motion to file a corrected brief, but

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we deny his motion to supplement the record, the documents he urges now not having been previously offered to the district court.

For challenges to an indictment raised at trial, so long as "the statutory language of the charged offense unambiguously sets out all the necessary elements, an indictment setting forth the offense in the words of the statute itself is generally sufficient." *United States v. Hagmann*, 950 F.2d 175, 183 (5th Cir. 1991). We have not determined whether the Contraband Cigarette Trafficking Act sets out the elements of an offense under it with the requisite degree of clarity. The Act makes it "unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes." 18 U.S.C. § 2342(a). Thus, to sustain a conviction under the Act, the government must prove that the defendant (1) knowingly (2) shipped, received, possessed etc., cigarettes and (3) that the cigarettes were themselves unlawful. Nothing besides these three elements is required to convict under § 2342(a), so the statute includes each necessary element and does so unambiguously. Therefore, an indictment tracking § 2342(a)'s language comports with the Constitution. *See United States v. Gord*, 77 F.3d 1192, 1194 (9th Cir. 1996). Any fair reading of the indictment in this case shows that it mirrors the statutory language.

We also reject Nowden's other arguments--that he was denied his right to a speedy trial and that he was denied his right to counsel. Entry of a guilty plea waives all non-jurisdictional arguments except where the plea is conditional. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). No conditional plea was entered here, and Nowden's speedy-trial claim is non-jurisdictional. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). But the right to counsel, like the right to an informative indictment, is jurisdictional. *See Johnson v. Zerbst*, 304 U.S. 458, 468 (1938). That having been said, our review of the record does not show that Nowden's counsel was absent from the February 14, 2000 preliminary hearing as Nowden contends. In fact, there was no hearing in Nowden's case on that day. To the extent Nowden meant the February 4, 2000 hearing, the record shows that his attorney was in attendance.

Nor does Nowden's challenge to the fact of his possession of a firearm merit relief. "The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea." *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992). It is a factual finding that must be sustained absent clear error. *Id.* Constructive possession over a firearm is sufficient to uphold a conviction under 18 U.S.C. § 922(g)(1). *See United State v. DeLeon*, 170 F.3d 494, 495 (5th Cir. 1999).

-3-

"Constructive possession is the ownership, dominion or control over an illegal item itself or dominion or control over the premises in which the item is found." *Id.* at 496. The gun in this case was found in Nowden's home, so we cannot say that the district court's finding of constructive possession was clearly erroneous.

AFFIRMED. Motion to file corrected brief GRANTED. Motion to supplement the record DENIED.