282 F.3d 1175
 GREY POPLARS INC, Claimant-Appellant,
United States of America, Plaintiff-counter-defendant-Appellee,
v.
ONE MILLION THREE HUNDRED SEVENTY-ONE THOUSAND ONE HUNDRED (1,371,100) ASSORTED BRANDS OF CIGARETTES, Defendant.
 No. 00-35841.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 4, 2002.
 Filed March 8, 2002.
 
 R. Wayne Bjur, Bjur & Associates, P.S., Zillah, WA, for the claimant-appellant.
 Thomas O. Rice, Assistant United States Attorney, Spokane, WA, for the plaintiff/counter-defendant/appellee.
 Appeal from the United States District Court for the Eastern District of Washington, Wm. Fremming Nielsen, District Judge, Presiding.
 Before: HENRY A. POLITZ,* WILLIAM C. CANBY, JR., and ANDREW J. KLEINFELD, Circuit Judges.
 OPINION
 CANBY, Circuit Judge.
 
 
 1
 Grey Poplars, Inc., a tribally-licensed business of the Yakama Nation, appeals the district court's summary judgment in favor of the United States government in a civil forfeiture action against 1,371,100 assorted brands of cigarettes.[1] The forfeiture was based on the federal Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. §§ 2341-46, which defines as contraband cigarettes in excess of 60,000 in quantity which do not bear evidence of payment of state cigarette taxes, with certain exceptions. 18 U.S.C. § 2341(2). Grey Poplars contends that the CCTA cannot be applied to the cigarettes in issue, which were seized while in Gray Poplars' possession on the Yakama Indian Reservation in the State of Washington. We affirm the district court's judgment of forfeiture.
 
 Background
 
 2
 On January 11, 1999, the Bureau of Alcohol, Tobacco and Firearms ("ATF") applied for and received a search warrant authorizing federal agents to seize all cigarettes not marked with Washington State tax stamps at a trading post on the Yakama Indian Reservation. In executing the warrant, ATF agents seized 1,371,100 unstamped cigarettes.
 
 
 3
 The United States filed a civil forfeiture action, pursuant to 18 U.S.C. § 2344(c), against the cigarettes. Grey Poplars filed an administrative claim for the cigarettes, answered the civil forfeiture action and filed a counterclaim for damages resulting from the ATF's seizure and sale of the cigarettes.
 
 
 4
 The district court granted the government's motion for summary judgment because the cigarettes bore no evidence of tax payment and there was no evidence that the cigarettes were pre-approved as exempt from the state tax by the Washington State Department of Revenue. Grey Poplars appeals the summary judgment.
 
 Discussion
 
 5
 Grey Poplars' principal jurisdictional contention arises out of the nature of the CCTA, which defines contraband by reference to state tax law. Grey Poplars argues that, because the State of Washington could not directly enforce its cigarette tax laws by seizures within Indian country, the CCTA cannot do so by proxy. See Washington v. Confederated Tribes of the Colville Indian Reservation, 447 U.S. 134, 162, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980) (declining to address question whether State could enter reservation and seize stocks of cigarettes). We need not address the question of state power, however, because it is the federal government, not the State, that has entered Indian country and seized these cigarettes. The fact that the CCTA refers to state law of taxation does not make it any less a federal statute. Moreover, the CCTA is a federal statute of general applicability and it applies equally to Indians, even on the reservation, as it does to others. United States v. Baker, 63 F.3d 1478, 1484-86 (9th Cir.1995); see also United States v. Gord, 77 F.3d 1192, 1193-94 (9th Cir.1996).
 
 
 6
 Nor is there any doubt concerning the validity of the state tax law to which the CCTA refers. Washington can impose its tax on cigarettes sold by tribal sellers to nonmembers on the reservation. Confederated Tribes of Colville, 447 U.S. at 150-51, 100 S.Ct. 2069; Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 512, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991); Moe v. Confederated Salish & Kootenai Tribes, 425 U.S. 463, 475-83, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976). Tribal members purchasing on the reservation are entitled to be free from state cigarette taxes, but tribal sellers are not entitled to be free from the state's system of allocating tax-free status to tribes on a formula that estimates the number of cigarettes the member Indian population is likely to consume. Baker, 63 F.3d at 1486-87. Thus, because Washington law requires that cigarettes destined for sale to Indians be pre-approved by the Washington State Department of Revenue, any cigarettes without such pre-approval are considered contraband under federal law if the quantity requirements are met. Gord, 77 F.3d at 1193-94. The cigarettes here were without stamps and without pre-approval. The cigarettes were, therefore, contraband and subject to seizure and forfeiture under 18 U.S.C. § 2341(2).[2]
 
 
 7
 Grey Poplars' argument, raised for the first time on appeal, that the cigarettes were destined for Alaska fails to relieve the cigarettes from seizure and forfeiture. There is insufficient evidence in the record to show that the cigarettes were bound for shipment to Alaska. In any event, even if the cigarettes were bound for Alaska, Grey Poplars has not shown that possession of cigarettes for shipment to Alaska would relieve it of Washington's requirement of tax stamps. There is no evidence that Grey Poplars possessed the cigarettes with the pre-approval of, or that it provided notice of transportation to, the Washington State Department of Revenue. The cigarettes are contraband under federal law because they were possessed in violation of the Washington cigarette tax statute and numbered more than 60,000. 18 U.S.C. § 2341(2).
 
 
 8
 Grey Poplars did not challenge the search warrant in the district court and may not now challenge it for the first time on appeal. Issues not presented to the trial court cannot generally be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Thus, we need not address the issue of validity of the search warrant.
 
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 Although the res is alleged as 1,371,100 assorted brands of cigarettes, we take it to mean 1,371,100 cigarettes of assorted brands
 
 
 [2]
 It is difficult to understand the relevance of Grey Poplars' insistence that cigarettes being transported by a common carrier are not contraband under the CCTA. 18 U.S.C. § 2341(2)(B). There is no evidence to suggest that the cigarettes seized in this case were being so transported when they were seized