[No. 44654-1-I.    Division One.    May 30, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN T. MINIKEN, *Appellant*.

*Gregory Charles Link*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

COLEMAN, J. — John Miniken was convicted of two counts of first degree statutory rape. After he completed his prison sentence and satisfied his community placement and financial obligations, the Department of Corrections

requested that a certificate of discharge be issued. The State opposed issuing the discharge, arguing that doing so would terminate jurisdiction to enforce the no-contact order. The sentencing court denied the certificate of discharge. Miniken appeals, arguing that only affirmative acts comprise the "requirements of the sentence" and that because he fulfilled his affirmative obligations, he is entitled to a certificate of discharge. Because it is clear from the statute that a no-contact order is a sentence requirement, we affirm the denial of the certificate of discharge.

## DISCUSSION

"When an offender has completed the requirements of the sentence, the secretary of the department or the secretary's designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge." RCW 9.94A.220(1). A certificate of discharge has the effect of restoring all civil rights lost by operation of law as the result of conviction as well as terminating the sentencing court's jurisdiction to enforce the requirements of the sentence. RCW 9.94A.220(3); *State v. Johnson*, 54 Wn. App. 489, 491, 774 P.2d 526 (1989).

At issue is the definition of the term "requirements of sentence." Both parties maintain that the definition of "requirement" supports their respective positions. Miniken interprets "requirement" to encompass only acts that the offender must affirmatively perform. The State, on the other hand, interprets the term to encompass all demands, including the no-contact order, with which the offender must comply.

Statutory construction or interpretation is reviewed de novo. *Clauson v. Department of Labor & Indus.*, 130 Wn.2d 580, 583, 925 P.2d 624 (1996); *State v. Merritt*, 91 Wn. App. 969, 973, 961 P.2d 958 (1998). If the statute is unambiguous, it is not subject to judicial interpretation and its meaning is derived from its language alone. *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997). "Statutes

are to be construed as a whole, considering all provisions in relation to each other and giving effect to each provision." *Merritt*, 91 Wn. App. at 973. The interpretation that is adopted should be the one that best advances the legislative purpose. *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991).

Here the statute, construed as a whole, is unambiguous. Under the Sentencing Reform Act of 1981 (SRA), a court has the authority to prohibit an offender from having contact with individuals for a period longer than the sentence imposed but not beyond the maximum allowable sentence.

> As a part of any sentence, the court may impose and enforce an order that relates directly to the circumstances of the crime for which the offender has been convicted, prohibiting the offender from having any contact with other specified individuals or a specific class of individuals for a period not to exceed the maximum allowable sentence for the crime, regardless of the expiration of the offender's term of community supervision or community placement.

RCW 9.94A.120(20). By allowing the court to enforce a no-contact order beyond the offender's term of community supervision or community placement, the Legislature necessarily intended that the sentencing court retain jurisdiction over the offender after he or she has met the supervision and placement requirements.

Although Miniken argues that alternate avenues can be used to enforce the no-contact order after a certificate of discharge is issued, those alternatives are inadequate in meeting the purposes of the SRA. For example, Miniken contends that separate criminal prosecution of a no-contact order, available to victims under RCW 10.99.050, is adequate to enforce his no-contact order. But family members or others who do not qualify as victims of the crime are not protected under RCW 10.99.050. Under that reasoning, only the victim would have recourse to RCW 10.99.050 after a certificate of discharge terminated the sentencing court's jurisdiction. That result contradicts the SRA, which

specifically allows the sentencing court to impose and enforce an order prohibiting contact with "other specified individuals or a specific class of individuals." RCW 9.94A.120(19). Moreover, the Legislature clearly intended that the courts be able to enforce no-contact orders without the necessity of independent prosecution.

■ Based on the provisions of the SRA, the no-contact order is properly characterized as a "requirement of the sentence" and the sentencing court retains jurisdiction until the offender's completion of his or her sentence requirements. Although Miniken is presently in compliance with the no-contact order, whether he will continue to comply remains uncertain. Thus, to terminate jurisdiction before the expiration of the maximum term of the no-contact order—in this case life—is premature. Accordingly, the sentencing court properly denied Miniken's request for a certificate of discharge.

GROSSE and APPELWICK, JJ., concur.

Reconsideration denied June 22, 2000.

Review denied at 142 Wn.2d 1009 (2000).