[No. 61311-1-I.  Division One.  December 29, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. ZACHARY JAMES JOHNSON, *Appellant*.

*Billie R. Morelli* (of *Billie R. Morelli, PLLC*), for appellant.

*Janice E. Ellis, Prosecuting Attorney,* and *Thomas M. Curtis* and *Mary K. Webber, Deputies,* for respondent.

*Tyler K. Firkins, Sarah A. Dunne,* and *Nancy L. Talner* on behalf of American Civil Liberties Union of Washington, amicus curiae.

¶1 APPELWICK, J. — In November 2007, Zachary Johnson, a convicted felon, petitioned for a certificate of discharge pursuant to RCW 9.94A.637, requesting that the court date the certificate to May 2002, the date he completed the requirements of the sentence. The trial court issued a certificate of discharge effective as of the date of the petition. We hold that a sentencing court has a non-discretionary obligation to issue a certificate of discharge effective as of the date it receives notice that an offender has completed all requirements of the sentence. Because the record does not conclusively establish the date the sentencing court received notice that Johnson had completed the requirements of the sentence, we remand for both additional fact finding to determine the date of notice and issuance of a certificate of discharge effective as of that date.

## FACTS

¶2 On July 7, 2000, Zachary Johnson pleaded guilty to one count of manufacturing marijuana in Snohomish County, a violation of RCW 69.50.401(a). He was ordered to pay $500 in victim assessment fees and $110 in court costs. Additionally, he was sentenced to 30 days in the county jail, which the court converted to 240 hours of community service pursuant to former RCW 9.94A.380 (1999). The community service was to be served within 12 months of the date of the sentencing order. The sentencing court also

ordered Johnson to serve 12 months of community supervision, requiring that Johnson not consume or possess controlled substances without a prescription.

¶3 On January 18, 2001, the Department of Corrections (DOC) issued a report stating that Johnson had not yet begun completing his community service hours. It noted that Johnson had been reporting on a monthly basis and that he was involved in an intensive outpatient treatment through the Recovery Center. Because Johnson had not started his community service hours and had not made payments toward his legal financial obligations, the report recommended that a hearing be scheduled. The court held a hearing on April 5, 2001 regarding the potential sentence violation and ordered another hearing on June 7, 2001. A November 2001 DOC report indicates that the June 7, 2001 hearing was stricken because Johnson had completed his community service hours. But, the record indicates that the court issued a bench warrant for Johnson, because he failed to appear at the June 7, 2001 hearing. That arrest warrant was quashed June 26, 2002.

¶4 On November 8, 2001, the DOC issued a report stating that Johnson had failed to report to the community corrections officer since June 3, 2001. The report also stated that Johnson had, on an unspecified date, paid in full $610 in legal financial obligations and that he had completed 240 hours of community service. But, the report noted that Johnson had failed to pay his DOC supervision fees. The report, nevertheless, recommended termination of supervision because Johnson "basically completed most of the court ordered requirements." The DOC issued another report on May 22, 2002, requesting direction in the case and recommending discharge. The May 2002 report classifies Johnson's sentence as "10 years monetary" and states Johnson's termination date as "09/07/2010."

¶5 The court signed an order terminating supervision on May 29, 2002, which was filed June 26, 2002. The order stated that "the defendant has not complied with the conditions and requirements of the sentence imposed

herein but that the overall costs of enforcing compliance or imposing further punitive measures are not justified in the above-entitled cause . . . ." The court did not issue a certificate of discharge.

¶6 On November 17, 2007, Johnson filed a petition for certificate and order of discharge in Snohomish County Superior Court. It requested the court order the certificate of discharge be issued effective May 29, 2002. Johnson argued that the court erred when it terminated supervision but failed to issue the certificate. The State agreed that Johnson should be issued a certificate of discharge but argued that the court lacked the authority to order it be dated effective May 29, 2002. The trial court granted the petition effective on the date of the petition but denied the request that the certificate be dated May 29, 2002. Johnson appeals.

¶7 In September 2008, the American Civil Liberties Union of Washington filed an amicus curiae brief in support of Johnson.

## DISCUSSION

¶8 Johnson appeals the trial court's order, which dated his certificate of discharge November 17, 2007.[1] Johnson argues that pursuant to RCW 9.94A.637(1)(a), the trial court should have dated his certificate of discharge May 29, 2002, when he had completed all of the requirements of his sentence.[2]

---

[1] In his original complaint, Johnson requested the trial court backdate the certificate of discharge to May 2002 based on RCW 9.94A.637(1)(a). Below and in briefing before this court, Johnson argued that the court has authority to backdate the certificate based on the doctrine of nunc pro tunc. Because Johnson abandoned this theory in oral argument, we do not address it here.

[2] We are not asked to decide whether the DOC's determination that further measures are not justified or that the court's termination of supervision constitutes a waiver or otherwise amounts to acknowledgment of Johnson's completion of the conditions of the sentence under this statute. We assume based on the trial court's discharge that somewhere between May 29, 2002 and November 17, 2007, the sentencing court received notice of actual completion of the terms of the sentence.

¶9 Statutory construction is a question of law that we review de novo. *Stuckey v. Dep't of Labor & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996). The fundamental objective of statutory construction is to ascertain and carry out the legislature's intent. *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991). If the statute is plain and unambiguous, its meaning must be derived from the statute's words alone. *Rozner*, 116 Wn.2d at 347. "A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable." *Berger v. Sonneland*, 144 Wn.2d 91, 105, 26 P.3d 257 (2001).

¶10 RCW 9.94A.637(1)(a) provides:

> When an offender has completed all requirements of the sentence, including any and all legal financial obligations, and while under the custody and supervision of the department, the secretary or the secretary's designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.[3]

On its face, RCW 9.94A.637(1)(a) is unambiguous. It mandates that a court issue a certificate of discharge when it receives notice that the offender has completed all of the requirements of his or her sentence. The provision states that upon receiving notice, the court "shall discharge the offender and provide the offender with a certificate of discharge." RCW 9.94A.637(1)(a). "The use of the word 'shall' creates an imperative obligation unless a different

---

[3] Johnson appeals the trial court's 2008 order issuing a certificate of discharge. We consider the appeal under the current version of RCW 9.94A.637, which was in effect when the trial court entered the 2008 order. We note that the statute was modified in 2003, after the court terminated supervision of Johnson. Former RCW 9.94A.637(1) (Laws of 2003, ch. 379, § 19) read, "(1)(a) When an offender has completed all requirements of the sentence, including any and all legal financial obligations, and while under the custody and supervision of the department, the secretary or the secretary's designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address."

legislative intent can be discerned." *State v. Q.D.*, 102 Wn.2d 19, 29, 685 P.2d 557 (1984) (citing *State v. Bryan*, 93 Wn.2d 177, 606 P.2d 1228 (1980)). Upon receiving notification from the DOC, the court must determine if the statutory conditions are met and make a factual determination about whether or not an offender has complied with the terms of the sentence. Once the court has determined that an offender is eligible for a certificate of discharge, the court's duty to issue the certificate is ministerial.

¶11 The statute does not state the date on which the certificate is to be effective. But, RCW 9.94A.637(1)(a) directs the court to issue a certificate of discharge when it receives notice that the offender has completed the terms of his or her sentence. The court might not consider the notice or make the necessary factual findings on the day on which it received the notice, and might not issue a certificate until a later date. Nonetheless, an offender is reasonably entitled to and eligible for the issuance of the certificate of discharge as of the date the court received the notice. The effective date of the certificate of discharge must be the date the court received notice that the terms of the sentence were satisfied.

¶12 Johnson argues that the trial court erred when it denied his request to issue the certificate of discharge effective May 29, 2002, because he was eligible for a certificate on that date.[4] But when supervision was terminated in May 2002, the court noted that "the defendant has not complied with the conditions and requirements of the sentence." The parties disagree about whether, in 2002, Johnson paid the additional supervisory fees to the DOC for community supervision. The record before this court does not definitively establish when the trial court received notice of his compliance with the sentence. We remand for a factual determination of the date the sentencing court

---

[4] The State contends that the appeal represents an untimely collateral attack on the 2002 order terminating supervision. We disagree. The issue on appeal is whether the trial court had the authority in 2007 to issue a certificate of discharge effective as of May 2002.

received notice of Johnson's compliance with the sentence and for entry of a certificate of discharge effective as of that date.

¶13  Remanded.

DWYER, A.C.J., and ELLINGTON, J., concur.

Reconsideration denied February 2, 2009.

Review denied at 166 Wn.2d 1017 (2009).