# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71801-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| CASEY FREDRICK PORTER, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 6, 2015 |
| | ) | |

APPELWICK, J. — An offender's date of discharge is the date the trial court receives notice that all sentence requirements have been satisfied. By December 18, 2008, the trial court had notice that Porter completed all of his sentence terms; however, he remained subject to a no-contact order, which expired on January 23, 2012. Porter petitioned the court for discharge after the expiration of his no-contact order. Accordingly, the trial court determined that his date of discharge was the date the no-contact order expired. For purposes of discharge, a no-contact order is not a sentence requirement. We reverse and remand for amendment of the certificate of discharge to reflect an effective date of December 18, 2008.

## FACTS

On December 11, 2006, Casey Porter pleaded guilty to one count of violation of a domestic violence court order. Porter was sentenced to six months confinement, 12 months of community custody, $500 in legal financial obligations (LFOs), and no contact with his ex-wife for five years. The no-contact order was entered on January 23, 2007. Porter's confinement began on February 1, 2007.

On July 1, 2007, Snohomish County Corrections notified the trial court that Porter had completed his term of confinement. On March 24, 2008, the Department of Corrections notified the trial court that Porter had completed his term of community custody. On December 18, 2008, the county clerk notified the trial court that Porter had paid his LFOs in full. On January 23, 2012, the no-contact order expired.

On April 13, 2013, Porter moved to vacate his conviction. The State responded that Porter was not yet discharged and thus had not met the requirements for vacating a conviction under RCW 9.94A.640. No further action was taken on Porter's motion to vacate.

On February 28, 2014, Porter petitioned the court for a certificate of discharge. The State agreed that discharge was proper, because Porter had satisfied all terms of his sentence. However, the parties disputed the effective date of discharge. Porter argued that, under RCW 9.94A.637(2), a no-contact order is a not a sentence requirement for purposes of discharge. Therefore, he asserted, the effective date was December 18, 2008, when the trial court had notice that he satisfied all actual terms of his sentence. The State argued that RCW 9.94A.637(2) requires an offender to seek a certificate of discharge while the no-contact order is still active. Because Porter did not do so, the State maintained that the effective date was January 23, 2012, when the no-contact order expired.

The trial court ruled in favor of the State and entered a certificate of discharge with the effective date of January 23, 2012. Porter appeals.

DISCUSSION

A certificate of discharge restores an offender's civil rights lost as a result of conviction. State v. Miniken, 100 Wn. App. 925, 927, 999 P.2d 1289 (2000). RCW 9.94A.637 sets forth the process by which an offender is discharged. When the trial court receives notice that an offender has completed all conditions of his sentence, the court must issue a certificate of discharge. RCW 9.94A.637(1). The effective date of discharge is the date the trial court receives notice that all sentence requirements have been satisfied. State v. Johnson, 148 Wn. App. 33, 39, 197 P.3d 1221 (2008).

In 2009, RCW 9.94A.637 was amended to include current subsection (2), which provides, in relevant part:

> (2)(a) For purposes of this subsection (2), a no-contact order is not a requirement of the offender's sentence. An offender who has completed all requirements of the sentence, including any and all legal financial obligations, is eligible for a certificate of discharge even if the offender has an existing no-contact order that excludes or prohibits the offender from having contact with a specified person or business or coming within a set distance of any specified location.
>
> (b) In the case of an eligible offender who has a no-contact order as part of the judgment and sentence, the offender may petition the court to issue a certificate of discharge and a separate no-contact order by filing a petition in the sentencing court and paying the appropriate filing fee associated with the petition for the separate no-contact order. This filing fee does not apply to an offender seeking a certificate of discharge when the offender has a no-contact order separate from the judgment and sentence.
>
> (i)(A) The court shall issue a certificate of discharge and a separate no-contact order under this subsection (2) if the court determines that the offender has completed all requirements of the sentence, including all legal financial obligations. The court shall reissue the no-contact order separately under a new civil cause number for the remaining term and under the same conditions as contained in the judgment and sentence.

Laws of 2009, ch. 288, § 2.

Here, Porter petitioned for a certificate of discharge after his no-contact order expired. We are asked to determine the effective date of discharge under these circumstances.

Statutory construction is a question of law that we review de novo. Stuckey v. Dep't of Labor & Indus., 129 Wn.2d 289, 295, 916 P.2d 399 (1996). If a statute is unambiguous, the court does not engage in statutory construction; rather, the statute's meaning must be derived solely from its plain language. Rozner v. City of Bellevue, 116 Wn.2d 342, 347, 804 P.2d 24 (1991). If a statute is ambiguous, courts may "resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent." Christensen v. Ellsworth, 162 Wn.2d 365, 373, 173 P.3d 228 (2007). "A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable." Berger v. Sonneland, 144 Wn.2d 91, 105, 26 P.3d 257 (2001).

The parties present two readings of RCW 9.94A.637, each focusing on subsection (2). Porter takes the position that, under RCW 9.94A.637(2)(a), a no-contact order is not a sentence requirement. Therefore, he asserts, his effective date of discharge was December 18, 2008, when the trial court had notice that all actual sentence requirements were completed. Under the State's interpretation of the statute, a no-contact order remains a sentence requirement until it expires or is replaced with a civil order under the petition process set forth in RCW 9.94A.637(2)(b). The State contends that, because Porter did not bring a (2)(b) petition prior to the expiration of his no-contact order, his date of discharge was January 23, 2012, when the no-contact order expired.

4

In focusing so heavily on subsection (2) of the statute, the parties neglect subsection (6). Subsection (6)—which predates subsection (2) by nine years—states,

> Unless otherwise ordered by the sentencing court, a certificate of discharge shall not terminate the offender's obligation to comply with an order that excludes or prohibits the offender from having contact with a specified person or coming within a set distance of any specified location that was contained in the judgment and sentence. An offender who violates such an order after a certificate of discharge has been issued shall be subject to prosecution according to the chapter under which the order was originally issued.

RCW 9.94A.637(6) (emphasis added); see also LAWS OF 2000, ch. 119, § 3. The plain language of this provision acknowledges an offender's ability to obtain a certificate of discharge notwithstanding a no-contact order. Necessarily, the legislature did not regard a no-contact order as a sentence requirement that must be satisfied to obtain a certificate of discharge. Therefore, the existence of a no-contact order in a judgment and sentence could not delay the effective date of discharge.

Subsection (6) was part of Engrossed Second Substitute Senate Bill 6400 (S.B. 6400), which was passed in March 2000 and became effective June 8, 2000.[1] ENGROSSED SECOND SUBSTITUTE S.B. 6400, 56th Leg., Reg. Sess. (Wash. 2000); LAWS OF 2000, ch. 119, § 3. On May 30, 2000—before S.B. 6400 became effective—the Court of Appeals held that a no-contact order was a sentence requirement, and thus the trial court properly denied a request for discharge prior to the order's expiration. Miniken, 100 Wn. App. at 927. The earlier version of the discharge statute considered in Miniken was silent as to whether a no-contact order was a sentence requirement. See former RCW

---

[1] At the time, the provision became former RCW 9.94A.220(4) (2000). LAWS OF 2000, ch. 119, § 3. It has since been recodified as RCW 9.94.637(6). See LAWS OF 2001, ch. 10, § 6; LAWS OF 2009, ch. 288, § 2.

9.94A.220 (1994), recodified as RCW 9.94A.637 (LAWS OF 2001, ch. 10, § 6); see also LAWS OF 2000, ch. 119, § 3. The Miniken court noted that another provision of the Sentencing Reform Act of 1981, chapter 9.94A RCW, authorizes a sentencing court to enforce a no-contact order beyond an offender's term of community supervision or placement. 100 Wn. App. at 928. Accordingly, the court reasoned, the legislature "necessarily intended that the sentencing court retain jurisdiction over the offender after he or she has met the supervision and placement requirements." Id. at 928. The court therefore concluded that "the no-contact order is properly characterized as a 'requirement of the sentence' and the sentencing court retains jurisdiction until the offender's completion of his or her sentence requirements." Id. at 929.

Miniken's holding was premised on the concern that a certificate of discharge would render a no-contact order unenforceable. See id. at 928-29. S.B. 6400 provided that a certificate of discharge does not terminate an offender's obligation to comply with his or her no-contact order. LAWS OF 2000, ch. 119, § 3. This necessarily rejected the premise in Miniken that the no-contact order was a "'requirement of the sentence'" for purposes of discharge. See 100 Wn. App. at 929. For if the order were a requirement of the sentence, the certificate of discharge could not have been granted at all. Plainly, the statute superseded Miniken.

Due to timing, however, neither S.B. 6400 nor Miniken addressed the other. Concern remained years later that Miniken, though based on prior law, was inconsistent with S. B. 6400 and represented a potential threat to the legislative policy stated in S.B. 6400. See H.B. REP. on Engrossed Substitute H.B. 1002, 61st Leg., Reg. Sess. (Wash. 2009). In 2009, the legislature enacted Engrossed Substitute House Bill 1002 to clarify

the intent of S.B. 6400. See Laws of 2009, ch. 288, § 1; H.B. Rep. on Engrossed Substitute H.B. 1002, 61st Leg., Reg. Sess. (Wash. 2009). The intent section of the bill declared,

> The legislature finds that restoration of the right to vote and serve on a jury, for individuals who have satisfied every other obligation of their sentence, best serves to reintegrate them into society, even if a no-contact order exists. Therefore, the legislature further finds <u>clarification of the existing statute is desirable to provide clarity to the courts that a certificate of discharge shall be issued, while the no-contact order remains in effect, once other obligations are completed</u>.

Laws of 2009, ch. 288, § 1 (emphasis added).

The legislature added a process by which a person may petition for a certificate of discharge and a no-contact order could be separated from the judgment and sentence.[2] RCW 9.94A.637(2)(b). The relevant portion of the amendment made explicit that for "purposes of this subsection (2), a no-contact order is not a requirement of the offender's sentence." RCW 9.94A.637(2)(a). Subsection (6) was retained.[3] See Laws of 2009,

---

[2] The State's argument suggests that RCW 9.94A.637(2)(b) is a mandatory process for obtaining a certificate of discharge while a no-contact order is still active. We need not decide whether subsection (2)(b) is optional or mandatory. However, we note that subsection (2)(b) uses the word "may" rather than "shall" in setting forth the petition process for discharge and separation of the no-contact order. RCW 9.94.637(2)(b). Use of the word "may" creates the authority to petition; use of the word "shall" would have created the duty to petition. RCW 9.94A.637(1) instructs the court to issue a certificate of discharge when it receives notice that the requirements of sentence are met. If the petition process was intended to be mandatory, one would expect an amendment to subsection (1), cross-referencing subsection (2)(b), to require a petition prior to discharge if the sentence contained a no-contact order. On the other hand, the petition process might have been intended merely to facilitate discharge for those who had not been properly discharged between 2000 and 2009 because of a no-contact order. See also Laws of 2009, ch. 288, § 1 (finding that "clarification of the existing statute is desirable to provide clarity to the courts that a certificate of discharge shall be issued, while the no-contact order remains in effect").

[3] The legislature made one change to subsection (6). See Laws of 2009, ch. 288, § 2. S.B. 6400 was domestic violence legislation, and subsection (6) previously pertained only to no-contact orders issued under chapter 10.99 RCW. See Engrossed Second

ch. 288, § 2. As a result, a no-contact order was not a sentence requirement for purposes of discharge after the enactment of subsection (6) in 2000, and it did not become one after the enactment of subsection (2) in 2009. The effective date of discharge is independent of any provisions for a no-contact order in the judgment and sentence.

Porter's effective date of discharge was December 18, 2008, the date the trial court received notice that all actual sentence requirements were satisfied. We reverse and remand for correction of the date of discharge.

_Appelwick, J._

WE CONCUR:

_Spearman, C.J._                    _Dwyer, J._

---

SUBSTITUTE S.B. 6400, 56th Leg., Reg. Sess. (Wash. 2000); LAWS OF 2000, ch. 119, § 3. In 2009, the legislature removed the reference to chapter 10.99 RCW, thereby making subsection (6) applicable to all no-contact orders. LAWS OF 2009, ch. 288, § 2.