# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49029-3-II |
| Appellant, | |
| v. | |
| WAYLON JAMES HUBBARD, | PUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — The State appeals the superior court's order granting Waylon J. Hubbard's certificate of discharge with an effective date reflecting the date Hubbard satisfied all conditions of his sentence rather than an effective date reflecting the date Hubbard petitioned for the certificate of discharge. We hold that, under RCW 9.94A.637(1)(c), the effective date of a certificate of discharge is the date the superior court receives notice from the county clerk and adequate verification from the offender that the petitioner has satisfied all conditions of his or her sentence. Accordingly, the superior court erred by entering a certificate of discharge with an effective date prior to the date that the superior court received notice and adequate verification that Hubbard satisfied all conditions of his sentence.

The State also argues that there was insufficient evidence to support the superior court's findings of fact and conclusions of law. Because substantial evidence supports the superior court's findings of fact and the findings support the superior court's conclusions of law, we affirm the superior court's conclusion that Hubbard was entitled to a certificate of discharge. Accordingly, we affirm the superior court's certificate of discharge but remand to the superior court to enter a

certificate of discharge with an effective date reflecting the date that the superior court received notice from the county clerk and adequate verification that Hubbard satisfied all conditions of his sentence.

FACTS

On October 29, 2004, Hubbard pleaded guilty to one count of possession of stolen property in the second degree. Hubbard was sentenced to 30 days confinement with 15 days converted to 120 hours of community restitution. The court also imposed legal financial obligations (LFOs).

On April 6, 2016, Hubbard filed a petition for certificate and order of discharge under RCW 9.94A.637(1)(c). RCW 9.94A.637(1)(c) states,

> When an offender who is subject to requirements of the sentence in addition to the payment of legal financial obligations either is not subject to supervision by the [Department of Corrections] or does not complete the requirements while under supervision of the department, it is the offender's responsibility to provide the court with verification of the completion of the sentence conditions other than the payment of legal financial obligations. When the offender satisfies all legal financial obligations under the sentence, the county clerk shall notify the sentencing court that the legal financial obligations have been satisfied. When the court has received both notification from the clerk and adequate verification from the offender that the sentence requirements have been completed, the court shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.

Hubbard's petition included a notification from the Department of Corrections (Department), dated February 24, 2005, closing active supervision of Hubbard, and certifying that Hubbard had completed 55 hours of his required community restitution.

Hubbard also included a declaration from Shelley Steveson stating that Hubbard completed all 120 hours of his community restitution at Pacific Aging Council Endeavor (PACE) Senior Center. Steveson was the site manager for PACE and she coordinated all community restitution

performed at PACE. Steveson declared that PACE closed in August 2011 and there were no longer any records of Hubbard's community restitution. However, Steveson "distinctly remember[ed] Mr. Hubbard, because he was good at showing up and doing the work as expected." Clerk's Papers (CP) at 7. Steveson stated that she was "confidant (sic) of my recollection that [Hubbard] completed his 120 hours as was required." CP at 7. And the court clerk certified that Hubbard had completed payment of all LFOs.

Hubbard requested that the certificate of discharge be issued with an effective date of February 25, 2013—the date he satisfied all conditions of his sentence. The State objected to Hubbard's petition for certificate of discharge. The State argued that Hubbard had presented insufficient proof to establish that he had completed all the required community restitution hours. The State also argued that, if the superior court found that Hubbard had satisfied all conditions of his sentence, the certificate of discharge should have an effective date reflecting when the superior court found that Hubbard had satisfied all conditions of his sentence.

The superior court considered the petition, all supporting materials, and relevant court records. The superior court entered the following, relevant findings of fact:

> 6. On April 6, 2016, Virginia Leach, the Pacific County Superior Court Clerk, signed a declaration confirming Mr. Hubbard has paid all legal financial obligations ordered.
> 7. The account receivable was closed February 25, 2013.
> 8. Exhibits A and B of the Petition for Certificate and Order of Discharge, combined, sets forth credible documentation Mr. Hubbard completed 120 hours of community restitution.
> . . . .
> 10. Pacific Aging Council Endeavor (PACE), the non-profit where Mr. Hubbard performed his community restitution, closed in August 2011. On March 23, 2016, Shelley Steveson, the individual who supervised the completion of Mr. Hubbard's community restitution at PACE, signed a declaration stating under

3

penalty of perjury that during her employment at PACE, she recalls Mr. Hubbard performing community restitution and is confidant (sic) he completed the 120 hours (Exhibit B).

      11. The court finds the statements made by Ms. Steveson to be credible.

      12. As of February 25, 2013, Mr. Hubbard completed all sentencing requirements.

CP at 30. Based on RCW 9.94A.637(1)(c) and relevant case law, the superior court concluded that the effective date of a certificate of discharge is when the person satisfies his or her sentencing requirements. Based on its findings of fact, the superior court concluded that the effective date of Hubbard's certificate of discharge was February 25, 2013. The superior court entered the certificate of discharge with an effective date of February 25, 2013, the date Hubbard satisfied all conditions of his sentence. The State appeals.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

The State argues that there was insufficient evidence for the superior court to find that Hubbard had satisfied all the conditions of his sentence. Here, the superior court's findings of fact are supported by substantial evidence and the findings of fact support the superior court's conclusions of law. Therefore, sufficient evidence supports the superior court's order concluding that Hubbard is entitled to a certificate of discharge.

We review the superior court's findings of fact to determine whether they are supported by substantial evidence. *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Evidence is substantial when it is enough to persuade a fair-minded person of the truth of the stated premise. *Garvin*, 166 Wn.2d at 249. Unchallenged findings of fact are verities on appeal. *State v. Valdez*, 167 Wn.2d 761, 767, 224 P.3d 751 (2009). We review the superior court's conclusions of law de

4

novo to determine whether they are supported by the superior court's findings of fact. *Garvin*, 166 Wn.2d at 249.

The State assigns error to the superior court's findings of fact 7, 8, and 12,[1]

> 7. The account receivable was closed February 25, 2013.
>
> 8. Exhibits A and B of the Petition for Certificate and Order of Discharge, combined, sets forth credible documentation Mr. Hubbard completed 120 hours of community restitution.
>
> 12. As of February 25, 2013, Mr. Hubbard completed all sentencing requirements.

CP at 30. However, the State does not assign error to the superior court's finding that Steveson's declaration was credible. Therefore, the credibility determination and declaration are considered verities on appeal.

Here, the superior court's finding that Hubbard completed his community restitution is supported by substantial evidence because Steveson's declaration states that she remembered Hubbard and was confident he completed all 120 hours of required community restitution. And the superior court's finding that Hubbard paid his LFOs is supported by substantial evidence because the county clerk certified that Hubbard completed the payment of all LFO obligations. Accordingly, there is substantial evidence to support the superior court's findings that, as of the date of Hubbard's petition, he had satisfied the conditions of his sentence. Because the findings of fact support the superior court's conclusion that Hubbard is entitled to a certificate of discharge,

---

[1] Hubbard argues that we are precluded from reviewing the sufficiency of the evidence supporting the superior court's findings of fact because the State failed to designate the verbatim report of proceedings as part of the record on appeal. However, the superior court's order clearly states that its findings of fact are based on the supporting documentation submitted with Hubbard's petition for a certificate and order of discharge. Accordingly, the record before us is sufficient for review of the superior court's findings of fact.

the trial court's order granting Hubbard's petition for a certificate of discharge was supported by sufficient evidence.

## II.  NUNC PRO TUNC ORDER

The State argues that the trial court improperly entered a nunc pro tunc order.  A nunc pro tunc order "'records judicial acts done at a former time which were not then carried into the record.'"  *State v. Hendrickson*, 165 Wn.2d 474, 478, 198 P.3d 1027 (2009) (quoting *State v. Petrich*, 94 Wn.2d 291, 296, 616 P.2d 1219 (1980)).  A nunc pro tunc order is only appropriate to correct ministerial or clerical error, not judicial errors.  *Hendrickson*, 165 Wn.2d at 479.  Here, there was no prior judicial act that needed to be properly included in the record.  And there was no ministerial or clerical error to correct.  Therefore, it would have been inappropriate for the superior court to enter a nunc pro tunc order in this case.  But the superior court did not enter a nunc pro tunc order in this case; the superior court entered an order with an effective date reflecting what it concluded was the correct effective date for a certificate of discharge based on its interpretation of the statute.  Accordingly, we reject that State's contention that the superior court improperly entered a nunc pro tunc order.

## III.  EFFECTIVE DATE OF CERTIFICATE OF DISCHARGE

The State argues that the superior court erred by entering a certificate of discharge with an effective date reflecting the date that Hubbard actually satisfied all the conditions of his sentence.  RCW 9.94A.637 provides the procedure for obtaining a certificate of discharge.  The State argues that the effective date of a certificate of discharge is the date the trial court receives notice that all sentence requirements have been satisfied.  Division One of this court has held that the effective date for petitions for a certificate of discharge under RCW 9.94A.637(1)(a) and .637(1)(b) is the

date the court received notice that the offender has satisfied all conditions of his or her sentence. *State v. Porter*, 188 Wn. App. 735, 356 P.3d 207 (2015); *State v. Johnson*, 148 Wn. App. 33, 197 P.3d 1221 (2008).

However, Hubbard argues that we should decline to follow Division One's opinions in *Johnson* and *Porter* because he petitioned for a certificate of discharge under RCW 9.94A.637(1)(c) rather than under sections (1)(a) or (1)(b). Hubbard argues that (1) *Johnson* and *Porter* were wrongly decided and (2) regardless of *Johnson* and *Porter*, the effective date under RCW 9.94A.637(1)(c) is the date the offender satisfies all conditions of his or her sentence rather than the date the court is notified the offender has satisfied all conditions of his sentence. We disagree with Hubbard's reading of RCW 9.94A.637(1)(c) and hold that, under the plain language of RCW 9.94A.637(1)(c), the effective date of Hubbard's certificate of discharge is the date the court received notice and adequate verification that Hubbard satisfied all conditions of his sentence.

Statutory construction is a question of law that we review de novo. *Porter*, 188 Wn. App. at 739. When the plain language of a statute is unambiguous, the statute's meaning must be derived solely from its plain language and we do not engage in statutory construction. *Porter*, 188 Wn. App. at 739. "'A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable.'" *Porter*, 188 Wn. App. at 739 (quoting *Berger v. Sonneland*, 144 Wn.2d 91, 105, 26 P.3d 257 (2001)).

RCW 9.94A.637(1) states,

> (a) When an offender has completed all requirements of the sentence, including any and all legal financial obligations, and while under the custody and supervision of the department, the secretary or the secretary's designee shall notify the sentencing

court, which shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.

(b)(i) When an offender has reached the end of his or her supervision with the department and has completed all the requirements of the sentence except his or her legal financial obligations, the secretary's designee shall provide the county clerk with a notice that the offender has completed all nonfinancial requirements of the sentence.

(ii) When the department has provided the county clerk with notice that an offender has completed all the requirements of the sentence and the offender subsequently satisfies all legal financial obligations under the sentence, the county clerk shall notify the sentencing court, including the notice from the department, which shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.

(c) When an offender who is subject to requirements of the sentence in addition to the payment of legal financial obligations either is not subject to supervision by the department or does not complete the requirements while under supervision of the department, it is the offender's responsibility to provide the court with verification of the completion of the sentence conditions other than the payment of legal financial obligations.  When the offender satisfies all legal financial obligations under the sentence, the county clerk shall notify the sentencing court that the legal financial obligations have been satisfied.  When the court has received both notification from the clerk and adequate verification from the offender that the sentence requirements have been completed, the court shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.

Because the Department closed its supervision of Hubbard prior to Hubbard satisfying all the conditions of his sentence, RCW 9.94A.637(1)(c) applies.

Under the plain language of RCW 9.94A.637(1)(c), the effective date of the certificate of discharge is the date the superior court receives *both* notice from the county clerk that the offender has satisfied the financial obligations of the sentence and adequate verification from the offender

that the offender has satisfied all other conditions of his or her sentence. The relevant language in RCW 9.94A.637(1)(c) states,

> *When the court has received both notification from the clerk and adequate verification from the offender that the sentence requirements have been completed,* the court shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.

(Emphasis added). The statute clearly designates the triggering event for issuing the certificate of discharge as the date the superior court receives both notice from the county clerk and adequate verification from the offender that the offender satisfied all the conditions of his or her sentence. By designating notice and adequate verification as the triggering event for a certificate of discharge, the plain language of the statute establishes that the superior court may not issue, and an offender is not entitled to, a certificate of discharge until the superior court receives notice and adequate verification that the offender has satisfied all the conditions of his or her sentence. Accordingly, we hold that the effective date of a certificate of discharge is when the superior court receives notice and adequate verification that the offender has satisfied all the conditions of his or her sentence.

Hubbard argues that this interpretation of the plain language of the statute is incorrect because it is in conflict with sections (1)(a) and (1)(b) of RCW 9.94A.637. Hubbard alleges that under RCW 9.94A.637(1)(a) and RCW 9.94A.637(1)(b) an offender is entitled to a certificate of discharge automatically upon satisfying the conditions of his or her sentence.[2] But this is incorrect.

---

[2] Division One of this court has decided two cases which clearly hold that the effective date of a certificate of discharge under RCW 9.94A.637(1)(a) and .637(1)(b) is the date the superior court is notified the offender has satisfied all the conditions of his or her sentence. *Porter*, 188 Wn. App. at 738; *Johnson*, 148 Wn. App. at 39. Because the plain language of RCW 9.94A.637(1)(c) is

RCW 9.94A.637(1)(a) applies to offenders who are under the Department's supervision when they have completed all requirements of their sentences, including the payment of their LFOs. RCW 9.94A.637(1)(b) applies to offenders at the end of their supervision by the Department and who have satisfied all requirements of their sentences, except for the payment of the LFOs. Because the offenders are under the supervision of the Department, the statute designates the Department as the party responsible for notifying the court when the offender has satisfied the conditions of his or her sentence. It is only upon notification by the Department (or the county clerk if the offender has outstanding LFOs after satisfying conditions supervised by the Department) that the superior court issues a certificate of discharge. The difference between the sections of the statute is not what the effective date the certificate of discharge should be, but rather whose responsibility it is to provide notice and verification to the court. Accordingly, under all three subsections of RCW 9.94A.637(1), an offender is not entitled to a certificate of discharge until the court receives both notice from the county clerk and adequate verification from the offender that the offender has satisfied all conditions of his or her sentence. Accordingly, there is no conflict between the sections.

Hubbard also argues that this plain language reading of the statute leads to absurd results because it results in making it more difficult for offenders who are not under the Department's supervision to obtain a certificate of discharge than offenders who are under the supervision of the

---

unambiguous, we do not rely on *Johnson* or *Porter* to hold that the effective date of a certificate of discharge is the date the superior court receives notice that the offender has satisfied the conditions of his or her sentence. However, we note that our holding here is consistent with the holdings in *Johnson* and *Porter* interpreting RCW 9.94A.637.

Department. But this argument is directly contrary to the plain language of the RCW 9.94A-.637(1)(c).

For offenders who are not under the Department's supervision, the legislature has explicitly made it "the offender's responsibility" to provide notice to the court when he or she has satisfied the nonfinancial conditions of his or her sentence. RCW 9.94A.637(1)(c). When the legislature includes explicit language in a statute, we must presume that the legislature means what it says. *State v. Costich*, 152 Wn.2d 463, 470, 98 P.3d 795 (2004). Under the plain language of RCW 9.94A.637(1)(c), it is the offender's responsibility to provide adequate verification to the court. If the legislature determines that it is unfair, or even absurd as Hubbard suggests, it is up to the legislature, not this court, to amend the statute.

We affirm the superior court's certificate of discharge but remand to the superior court to enter a certificate of discharge with an effective date reflecting the date that the superior court received notice from the county clerk and adequate verification that Hubbard satisfied all conditions of his sentence.

SUTTON, J.

We concur:

JOHANSON, P.J.

MELNICK, J.