

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE NOV 0 1 2018

~Tau hunst, CQ
CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on Nov 1, 2018

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| Respondent, | ) ) ) | No. 95012-1 |
| v. | ) ) | En Banc |
| WAYLON JAMES HUBBARD, | ) ) | |
| Petitioner. | ) ) | Filed ___ NOV 0 1 2018 ___ |

WIGGINS, J.—After completing all requirements of a criminal sentence, an offender is entitled to a certificate of discharge (COD). RCW 9.94A.637. RCW 9.94A.637 provides a framework for the process of discharge, which varies based on whether the offender is under Department of Corrections (DOC) custody at the time the sentence is completed. If an offender is under DOC custody, DOC is required to notify the sentencing court that the offender has completed the sentence and is eligible for discharge. RCW 9.94A.637(1)(a). However, if an offender is not under DOC custody at the time of completion, the offender is responsible for notifying the sentencing court that he or she has completed the requirements of the sentence, except for the financial obligations, which are processed by the court clerk. RCW 9.94A.637(1)(c).

We must determine whether a COD issued to an offender who is not under DOC custody is effective as of the date the offender completed all terms of the

sentence or the date the court received notice that the offender completed all terms of the sentence. We hold that the effective date of a certificate of discharge must be the date the offender completed all the terms of the sentence.

## LEGAL AND FACTUAL BACKGROUND

I. Certificate of Discharge

A COD issued by the sentencing court under RCW 9.94A.637 confirms that an offender has completed all felony sentence conditions, restores most of the offender's civil rights lost due to the conviction, and terminates the sentencing court's jurisdiction to enforce the requirements of the sentence.[1] RCW 9.94A.637; *State v. Johnson*, 54 Wn. App. 489, 491, 774 P.2d 526 (1989). Under RCW 9.94A.637, the party responsible for notifying the court that the offender's sentence has been completed depends on whether the offender is under DOC custody at the time of completion. If the offender is under DOC custody, DOC is responsible for notifying the court when the offender becomes eligible for discharge. RCW 9.94A.637(1)(a). If the offender is not under DOC custody, the offender is responsible for notifying the court. RCW 9.94A.637(1)(c). Subsection (1)(c), at issue here, provides:

> When an offender who is subject to requirements of the sentence in addition to the payment of legal financial obligations either is not subject to supervision by the department or does not complete the requirements while under supervision of the department, it is the offender's responsibility to provide the court with verification of the completion of the sentence conditions other than the payment of legal financial obligations. When the offender satisfies all legal financial obligations under the sentence, the county clerk shall notify the sentencing court that the legal financial obligations have been satisfied. When the court has received both notification from the clerk and adequate verification from the offender that the sentence requirements have been completed, the

---

[1] A COD does not restore an offender's right to possess firearms, which must be restored separately through the process outlined in RCW 9.41.047.

> court shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.

The State argues that the effective date of a COD issued under this subsection must be the date the court received notice that the offender had completed all terms of the sentence. Hubbard argues that the effective date of a COD issued under this subsection must be the date the offender completed all terms of the sentence.

The effective date of a COD is significant for offenders who committed crimes that are eligible to be vacated.[2] The effective date of the COD triggers the waiting period for vacating the conviction under RCW 9.94A.640. *See* RCW 9.94A.640(1), (2)(e)-(f). Under that statute, eligible offenders[3] who committed a class C felony, like Hubbard, are eligible to have their conviction vacated after "five years have passed since the date the applicant was discharged under RCW 9.94A.637." RCW 9.94A.640(2)(f). An offender whose record of conviction has been vacated may state "[f]or all purposes . . . that the offender has never been convicted of that crime." RCW 9.94A.640(3).

II.   Facts and Procedural History

In 2004, Waylon James Hubbard pleaded guilty to second degree possession of stolen property, a class C felony. Hubbard was sentenced to a short term of

---

[2] Violent offenses as defined in in RCW 9.94A.030, crimes against persons as defined in RCW 43.43.830, and offenses involving driving or being in control of a motor vehicle while under the influence as defined in RCW 46.61.502 and RCW 46.61.504 are not eligible to be vacated. RCW 9.94A.640(2)(b), (c), (g).

[3] To be eligible, the offender must not have any pending criminal charges and must not have been convicted of any new crime since the date of discharge. RCW 9.94A.640(2)(a), (d).

confinement and 120 hours of community service, and was ordered to pay legal financial obligations (LFOs).

In 2005, Hubbard had served his jail time, and DOC terminated its supervision over him. By 2011, Hubbard had fulfilled his community service requirements. On February 25, 2013, Hubbard paid off his LFOs, and the superior court clerk closed the account receivable for Hubbard.

Thus, on February 25, 2013, Hubbard had completed all of the terms of his sentence—confinement, community service, and LFOs.

On April 6, 2016, Hubbard filed a petition for certificate and order of discharge under RCW 9.94A.637(1)(c). Hubbard asked that the effective date of his COD be the date that he satisfied all of the terms of his sentence—February 25, 2013. The State objected and argued that the court did not have the authority to enter an effective date that predated the date on which the court received notice that Hubbard completed his sentence.

The superior court granted Hubbard's request for an effective date of February 25, 2013, the date on which Hubbard completed all conditions of his sentence. Clerk's Papers at 31.

The State appealed. The Court of Appeals held that the proper effective date of a COD under subsection (1)(c) "is the date the superior court receives both notice from the county clerk that the offender has satisfied the financial obligations of the sentence and adequate verification from the offender that the offender has satisfied all other conditions of his or her sentence." *State v. Hubbard*, 200 Wn. App. 246, 255, 402 P.3d 362 (2017) (emphasis omitted). The Court of Appeals remanded the case to

4

the superior court for entry of a COD with an effective date of April 6, 2016. Hubbard appealed to this court.[4]

Hubbard, now 38 years old, still lives in rural Pacific County where the unemployment rate is almost twice that of Washington State. Pet. for Review at 1. Hubbard committed this crime approximately 14 years ago and completed all terms of the sentence over 5 years ago. Regardless, Hubbard will continue to experience disqualifications from employment and housing, as well as other infirmities that interfere with his ability to reintegrate into society, until the conviction is vacated—a vacation to which Hubbard is entitled to under the laws of this state. RCW 9.94A.640.

We must determine the proper effective date of a COD issued to an offender who completed his sentence outside of DOC supervision. If the effective date of a COD is the date an offender completed the sentence, as Hubbard argues, then Hubbard would be eligible to vacate his conviction in February 2018—5 years after Hubbard completed his sentence and 14 years after he committed the crime. However, if the effective date of a COD is the date the sentencing court received notice that the sentence was complete, as the State argues, then Hubbard will not be eligible to vacate his conviction until April 6, 2021—8 years after Hubbard completed his sentence and 17 years after he committed the crime.

---

[4] Hubbard also challenged the Court of Appeals' decision on the grounds that delaying the effective date of his COD violates his protected liberty interest to pursue a chosen occupation. We accepted review of both issues. However, Hubbard did not brief the second issue and thus we do not address it. *See Sprague v. Spokane Valley Fire Dep't*, 189 Wn.2d 858, 876, 409 P.3d 160 (2018) ("We will not consider arguments that a party fails to brief.").

ANALYSIS

Determining the proper effective date of a COD issued under RCW 9.94A.637(1)(c) is a question of statutory interpretation, which we review de novo. *State v. Donaghe*, 172 Wn.2d 253, 261, 256 P.3d 1171 (2011). Our fundamental objective in statutory interpretation is to "ascertain and carry out the Legislature's intent." *State v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). We begin with the plain meaning of the statute and may also consider the context of the statute, related provisions, amendments, and the statutory scheme as a whole. *Id.* at 10-11. Thus, in the case before us, we hold that the effective date of a COD issued under subsection (1)(c) must be the date on which the offender completed all conditions of the sentence and thus became eligible for discharge. In this case, Hubbard's COD had an effective date of February 25, 2013.

I. RCW 9.94A.637

RCW 9.94A.637 provides the framework for the process of discharge. Under the statute, an offender becomes eligible for discharge when he or she "has completed all requirements of the sentence, including any and all legal financial obligations." RCW 9.94A.637(1)(a). However, "[t]he statute does not state the date on which the certificate is to be effective." *State v. Johnson*, 148 Wn. App. 33, 39, 197 P.3d 1221 (2008).

We note that in 2004, the legislature amended RCW 9.94A.637 by adding (1)(c), "AN ACT Relating to interest on legal financial obligations; and amending . . . 9.94A.637 . . . ." SUBSTITUTE S.B. 5168, at 1, 58th Leg. Reg. Sess. (Wash. 2003). The 2004 final legislative report summarizes Substitute Senate Bill 5168 as "[a]uthorizing

6

reduction of interest on legal financial obligations" for those "certain offenders [who] are subject to court ordered legal financial obligations." 2004 FINAL LEGISLATIVE REPORT, 58th Wash. Leg., at 118. Under the 2004 subsection (1)(c) amendment, for purposes of seeking a COD, "it [became] the [non-DOC-supervised] offender's responsibility to provide the court" with verification of completed sentence requirements and the county clerk remained responsible for notifying the court of LFO completion "for the purpose of restoring the offender's civil rights." *Id.* Despite the statute's setting forth in detail the requirements for obtaining a COD, whether under subsection (1)(a) or (1)(c), it neither defines nor specifies the effective date for the certificate of discharge under either section.

Under subsection (1)(a), DOC is statutorily responsible for notifying the sentencing court that an offender under DOC supervision has completed all terms of the sentence. RCW 9.94A.637(1)(a).[5] In *Johnson*, the Court of Appeals interpreted subsection (1)(a) to determine the proper effective date of a COD issued to an offender under DOC supervision. 148 Wn. App. at 39. The Court of Appeals noted that despite RCW 9.94A.637(1)'s silence about the effective date, it "directs the court to issue a certificate of discharge when it receives notice that the offender has completed the terms of his or her sentence." *Id.* Upon the mandated notification from DOC that

---

[5] Subsection (1)(a) states:

> When an offender has completed all requirements of the sentence, including any and all legal financial obligations, and while under the custody and supervision of the department, the secretary or the secretary's designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.

the offender has completed the terms of the sentence, "an offender is reasonably entitled to and eligible for the issuance of the certificate of discharge." *Id.*

The Court of Appeals recognized that the trial court "might not consider the notice or make the necessary factual findings on the day on which it received the notice, and might not issue a certificate until a later date" but held that "[t]he effective date of the certificate of discharge must be the date the court received notice that the terms of the sentence were satisfied." *Id.* Because the responsibility of that notification falls on DOC and occurs nearly automatically for offenders under DOC supervision, significant delay between notice and discharge is unlikely. RCW 9.94A.637(1)(a). Thus, under subsection (1)(a), an effective date of a COD that reflects the date the court was notified is not likely to be significantly different than an effective date that reflects the date that the offender completed the sentence.

Offenders not under the custody or supervision of DOC must follow notification procedures that are different from those of offenders who are under DOC custody. Under subsection (1)(c), it is the *offender* who must provide verification to the court that the sentence conditions, other than payment of legal financial obligations, have been completed. RCW 9.94A.637(1)(c). Verification from an offender may involve significant delay, as it did here: offenders are left to navigate the complexities of the statute without understanding the process "and therefore frequently find themselves in a position whereby they have either been eligible to obtain a COD for a long time, or do not know the eligibility criteria." Mem. of Amici at 5. Thus, under subsection (1)(c), an effective date of a COD that reflects the date the court was notified may be

8

significantly different from an effective date that reflects the date that the offender completed the sentence.

II. Under RCW 9.94A.637, the effective date of a COD is the date the offender becomes eligible for discharge

Hubbard convincingly argues that conditioning the effective date of a COD on the date the court received notice of eligibility may result in a significant disparity between offenders subject to subsection (1)(a) and those subject to (1)(c). Serious offenders who complete their sentences under DOC supervision have the benefit of near immediate notification to the court and discharge. RCW 9.94A.637(1)(a). Meanwhile, unsupervised offenders must navigate the notification process on their own. RCW 9.94A.637(1)(c). Years may pass between the date an offender is eligible for discharge and date the court receives notice of eligibility and issues the COD. With the benefit of nearly automatic notification and discharge, serious offenders under DOC custody may receive a COD long before offenders who were not subject to DOC supervision and thus must navigate the discharge process personally.

RCW 9.94A.637 is not intended to burden unsupervised defendants with significant delays in discharge simply because of their unsupervised status. *Cf. State v. Neal*, 54 Wn. App. 760, 762, 775 P.2d 996 (1989) ("The Legislature could not have intended to deny less serious offenders the benefit of a certificate discharging them, while providing such certificates to more serious offenders sentenced to prison."). Indeed, the difference between subsections (1)(a) and (1)(c) "is not what the effective date the certificate of discharge should be, but rather whose responsibility it is to provide notice and verification to the court." *Hubbard*, 200 Wn. App. at 256.

## CONCLUSION

We will not read into the statute an unintended consequence that results in grave disparities between the effective date of a COD issued under subsection (1)(a) and a COD issued under subsection (1)(c). *See Neal*, 54 Wn. App. at 762. Accordingly, we hold that the effective date of a COD issued to an offender not under the supervision of the DOC is the date the offender became eligible for discharge, having completed all requirements of the sentence, including payment of all legal financial obligations. *See* RCW 9.94A.637. In this case, Hubbard's COD had an effective date of February 25, 2013.

We reverse the Court of Appeals and remand to the trial court for reinstatement of its certificate and order of discharge for Hubbard, dated effective February 25, 2013, and for other proceedings consistent with this opinion.

Wiggins, J.

WE CONCUR.

Fairhurst, C.J.

Stephens, J.

Johnson, J.

Madsen, J.

Gonzá McCloud, J.

Owens, J.

No. 95012-1

YU, J. (concurring) — I join the majority in concluding that the effective

date of a certificate of discharge is the date an individual becomes eligible for

discharge by completion of all requirements of his or her sentence.  I write

separately only to note that trial courts would be well advised to explore

procedures to notify individuals, at the time of sentencing, of the requirements and

process for obtaining a certificate of discharge.

_Yu, J._

_González, J._